Peck
v.
Farrington.

PECK *vs.* FARRINGTON and others.

In an action for the price of a machine for making shingles sold by A. to B. for which notes were taken payable to C., where it appeared that the machine was worthless and an infringement of a patent right granted to a third person, but the principal value of the article sold consisted, that the running gear of the machine in which was valuable, *it was held*, that C. was not entitled to recover the notes, on account of the failure of consideration, nor for the running gear under a general count, as it was sold by A. and not by C.

An exemplification of *letters patent* for an improvement in machinery granted by the United States, and a specification accompanying the same, certified by the secretary of state, under the seal of his department, is admissible in evidence, and in such case the *drawing* referred to in a specification need not be exemplified.

THIS was an action of assumpsit, tried at the Greene circuit in October, 1829, before the Hon. WILLIAM A. DUER, then one of the circuit judges.

The declaration contained four counts; the two first on promissory notes, the third for money paid, &c. and the fourth for goods, chattels, wares and merchandise sold by the plaintiff to the defendants. The notes were for $32,50 each, given in consideration of a machine for making shingles sold by one Jonas Poppino to the defendants. The machine was proved to be utterly worthless, and in addition thereto the defendants shewed that it was an infringement upon a patent right granted to one William Earl. An exemplification of the patent to Earl, containing a specification of his improvement, certified by the secretary of state of the United States, under the seal of his department, was read in evidence, although objected to by the defendants. The plaintiff then offered to prove that the running gear of the machine was separate and distinct from the machine, and that it was not patented, and offered to shew the value thereof; this evidence was objected to, but the objection was overruled. It was proved that the running gear communicated power to the machine by means of a band running upon a wheel or drum, and would answer as well for a carding machine or other machinery requiring similar power, as for a shingle machine. Several witnesses

stated their estimate of its value.  It was admitted by the parties that Jonas Poppino was the *real* plaintiff, and that the notes were drawn by the defendants, payable to Peck, the *nominal* plaintiff, on the supposition that he was the owner of the machine.  The judge charged the jury that the plaintiff was not entitled to recover for the machine as such, but that they might find a verdict for the plaintiff for the value of the running gear, independent of the machine.  The jury gave a verdict for the plaintiff for $42,50.  The plaintiff having excepted to the charge of the judge, moved for a new trial.

*S. Sherwood,* for the plaintiff.

*J. L. Bronk,* for the defendants.

*By the Court,* SAVAGE, Ch. J.  The plaintiff, if he recovers at all, must recover on the notes, and on them alone.  The notes were given for the machine, and with the machine the running gear was delivered.  The whole was included in the notes which were given to *Peck,* the plaintiff in the record.  He is the plaintiff, and the recovery must be in his name.  He has no claim except upon the notes ; he sold no goods or chattels to the defendants; they were sold by *Poppino,* who is not a party to the record, although he is the party in interest.

It seems to me, therefore, that the only question in the case is whether the exemplification of Earl's patent and the specification accompanying it were properly received in evidence.  The act of congress to promote the progress of useful arts, passed in 1793, expressly provides that the *specification* of a patented art, machine or improvement, "shall be filed in the office of the secretary of state ; and certified copies thereof shall be competent evidence in all courts, when any matter or thing touching such patent right shall come in question."  This is conclusive as to the specification.  As to the *exemplification* of the patent itself, that stands upon the common law rules of evidence.  Where the original document is of a public nature, an exemplification of it, if it be a record or a sworn copy, is admissible in evidence, 1 *Stark.* 181 ; and the reason is because public documents cannot be removed without in-

convenience and danger of being lost or damaged, and the same document might be wanted in two places at the same time. The law of evidence must have been so understood by congress when they permitted a certified copy of the specification to be evidence, but were silent as to the patent itself. In *Catlett* v. *Pacific Ins. Co.* 1 *Wendell*, 578, it was decided that a copy of a register of a vessel, certified by the register of the treasury, and his official station proved under the seal of the treasury department, was competent evidence.

The objection that the model or drawing was not exemplified cannot prevail; that could not be necessary to enable witnesses of skill to determine whether the machine in question was an infringement. I am of opinion that the exemplification was properly received in evidence, and that the consideration of the note failed. The plaintiff was not entitled to recover any thing.

A new trial must be granted, with costs to abide the event.