Bouchaud, executor of Brunel, *vs.* Dias.

One of two sureties for a debt who, with the consent of the other, has been released by the creditor, is not liable to contribute towards the reimbursement of money subsequently paid by the other on account of the debt for which they were sureties. *Per* Bronson, C. J.

A private writing deposited in a public office, pursuant to law, is not of the nature of a record, and cannot be proved, as official papers may be, by a certified copy.

Where such a writing cannot be removed from the office, it should be proved on a commission if out of the state, or by calling the subscribing witness and producing a sworn copy.

The consent of a surety in a revenue bond, required by the act of congress to enable an insolvent obligor in the same bond to be discharged, is a private paper and cannot be proved by a copy authenticated by the secretary of the treasury.

The release of one of several joint, or joint and several obligors, discharges all.

A release by the secretary of the treasury of one of several obligors in a bond to the United States is inoperative, unless it be shown that the preliminary steps to procure such discharge, prescribed by the act of congress, had been taken.

It is not enough that the release *recite* the facts necessary to be proved; such recitals not being evidence of these facts.

A judgment of a court of competent jurisdiction upon a point sought to be litigated between the same parties in another suit, is *res judicata.*

It is not necessary that the plaintiff's claim in both suits should be identical. If they arise out of the same transaction, and the defence is equally applicable to each suit, the first judgment will be conclusive.

And a judgment upon demurrer is equally conclusive with one rendered upon a verdict.

H. C. was indebted to the United States for duties, arising upon a single importation, and gave two bonds with the same sureties payable at different times for distinct parts of the same debt. One of the sureties having paid both bonds brought an action in the superior court against his co-surety for contribution on account of the money paid upon one of the bonds, and the defendant pleaded a discharge of himself from the whole debt by the secretary of the treasury pursuant to the act of congress, to which the plaintiff demurred, and judgment was given against him. *Held,* that such judgment was a conclusive bar to a subsequent action in this court between the same parties, in which the plaintiff sought to recover contribution on account of the money paid on the other bond.

Assumpsit tried before Kent, C. Judge, at the New-York circuit, in February, 1844. The plaintiff sued for contribution, and the case was this: One Henry Castro imported goods, and

Bouchaud *v*. Dias.

on the 17th of October, 1822, he executed two bonds to the United States for the payment of the duties, in which bonds the testator and the defendant were the sureties of Castro. The parties bound themselves jointly and severally. The bonds were alike in penalty and condition, except that they were payable at different periods; both within a year. On the 5th of December, 1838, the plaintiff, as executor of Brunel, paid to the U. S. $4545,08 in satisfaction of one of the bonds; and in this action the plaintiff sought to recover one half of that sum from the defendant as a co-surety with the testator.

The defence was, that the defendant, with the consent of the plaintiff, had been released from his obligation by the secretary of the treasury, pursuant to the acts for the relief of certain insolvent debtors of the United States. (4 *Story's Laws U. S.* 2236, 2327, 2368.) The defendant gave in evidence a release, dated November 3, 1834, under the hand of the secretary of the treasury, and the seal of the department, fully discharging the defendant from his debt to the United States, upon condition that he paid the sum of $1000; which condition he performed on the 7th day of the same month. It was recited in the release, among other things, that the defendant had preferred his petition to the secretary of the treasury for a release, and that a report in writing of the circumstances of the case had been transmitted to the secretary by the commissioners of insolvency for the proper district. It was also recited that the plaintiff, as the legal representative of Brunel, the co-surety of the defendant, had filed with the secretary his consent in writing that the privileges of the statute might be extended to the defendant, without any prejudice to the plaintiff's liability.

The defendant then offered in evidence a paper purporting to be a copy of the consent of the plaintiff to the release; to which paper there was subjoined a certificate by the secretary of the treasury, " that the preceding is a copy of the original now on file in the office of the secretary of the treasury of the United States at Washington city." The seal of the department was affixed. The defendant objected, that there was no legal proof of the execution of the instrument; but the judge overruled the

objection, and allowed the paper to be read in evidence. The paper was dated October 20, 1834, and purported to be signed and sealed by the plaintiff as executor of Brunel, and to be witnessed by two witnesses. By the writing the plaintiff consented that the defendant should be released and discharged from his debt and responsibility to the U. S. on the two bonds, and that the obligation of the testator to the U. S. should not be thereby impaired in any manner whatever.

The defendant also gave in evidence a judgment record, from which it appeared that the plaintiff had sued the defendant for contribution in the superior court of the city of New-York; the declaration in that case being precisely like the declaration in this case, except that the other bond was set out as a part of the ground of action. In that action the defendant pleaded in bar the foregoing release and consent; the plaintiff demurred to the plea; the defendant joined in demurrer; and the court rendered judgment for the defendant. The plaintiff objected to the introduction of the record, because the bonds were not the same in both suits. The judge overruled the objection.

The plaintiff requested the judge to charge the jury that the release did not discharge the defendant, because there was no proof of the facts necessary to give the secretary of the treasury jurisdiction to grant it—that the recitals in the release were not legal evidence of those facts as against the plaintiff. 2. The release could not operate to discharge a right of action subsequently acquired by the plaintiff by the payment of the money. 3. The consent to the discharge given by the plaintiff did not operate as a release of the right of action which the plaintiff subsequently acquired by the payment of the money. And 4, the judgment in the former suit was no bar to this action.

The judge refused to give either of those instructions; and he charged the jury, that the judgment of the superior court upon the same matter, being on a bond for duties on the same importation with that which was in question in this suit, was a bar to this action. And independently of the judgment, the release and consent were a bar to the action. Verdict for the

defendant. The defendant moves for a new trial on a case, with leave to turn the same into a bill of exceptions or special verdict

*E. Sandford*, for the plaintiff.

*J. L. Mason*, for the defendant.

*By the Court*, BRONSON, Ch. J. If we assume that the release executed by the secretary of the treasury is a valid instrument, and that the written consent of the plaintiff to the release was duly proved, I do not see how this action can be maintained. When the defendant was released by the government, his obligation was at an end, and he ceased to be a co-surety with the testator. Nothing remained upon which to found the duty of contribution. And as the plaintiff consented to the release, he has no ground for complaint.

But the consent was not duly proved. Although the paper was necessarily deposited in a public office, it was a private writing, which could not affect the plaintiff without proving that it had been executed by him. It was necessary to call one of the subscribing witnesses. If the paper could not, by law, be removed from the treasury department, so as to produce it on the trial, it should either have been proved on a commission, or by calling the subscribing witness, and producing a sworn copy. There is no act of congress making a certified copy evidence. This paper is not like a record, which may be proved by an exemplification; nor is it the act of a public officer. (*Peck* v. *Farrington,* 9 *Wend.* 44; *Catlet* v. *Pacific Ins. Co.,* 1 *Wend.* 561; 4 *id.* 75, *S. C.*) It is a private writing, which can bind no one until it appears that he is a party to it.

In one view of the case, the defendant need not have troubled himself about the consent. It was enough that he had been released. The release of one of several obligors, whether they are bound jointly, or jointly and severally, discharges all of them. (*Bronson* v. *Fitzhugh,* 1 *Hill,* 185; *Bank of Poughkeepsie* v. *Ibbotson,* 5 *id.* 461; *Nicholson* v. *Revill,* 4 *Ad. & Ellis,* 675.) If we lay the consent out of the case, then all the obligors were

discharged, and the voluntary payment which the plaintiff has since made, can give him no rights against the defendant. It is proper, however, to say that this view of the question goes upon the ground that the secretary of the treasury has power to release a surety without the assent of a co-surety, though he cannot release the principal debtor without the consent of his sureties, when they are solvent. (4 *Story's Laws U. S.* 2236, §§ 1 to 4; *p.* 2327, § 3; *p.* 2368, § 2.) If upon the true construction of these acts of congress the consent of the co-surety was necessary, then of course the release, without consent, amounts to nothing, because the secretary had no power to give it. But another difficulty in this branch of the plaintiff's case renders it unnecessary to settle the construction of the acts of congress.

Before the secretary of the treasury can grant a release, the debtor must make application in writing, under oath, stating several things in relation to his insolvency and estate. (4 *Story's Laws U. S.* 2236, § 1.) The application is necessary to confer jurisdiction on the officer; and there was no proof in this case that such an application was made. The release recites that the defendant preferred his petition to the secretary to be released; but recitals do not prove jurisdictional facts. (*Bennett* v. *Burch,* 1 *Denio,* 141; *and see Cowen & Hill's Notes to Phil. Ev.* 1014 *to* 16.) If the rule were otherwise, inferior courts and magistrates might acquire jurisdiction by merely affirming the existence of the facts on which jurisdiction depends. An insolvent's discharge in this state is evidence of the facts contained in it. But it is because the legislature has so provided in express terms. (*Jenks* v. *Stebbins,* 11 *John.* 224; *Barber* v. *Winslow,* 12 *Wend.* 102.) The discharge in the first case was granted under the insolvent law of 1811; and in the last case under the law of 1813. But both statutes provided that the discharge should be conclusive evidence in all the courts of this state, of the facts therein contained. (6 *Web.* 202, § 4; 1 *R. L.* 464, § 8.) The statute was not mentioned in the opinion of the court in the last case; but the decision went upon the authority of *Jenks* v. *Stebbins.* There is no statute making the recitals in the release evidence,

Bouchaud v. Dias.

and as there was no proof of the existence of the facts necessary to give the officer jurisdiction, the instrument was of no force.

The remaining question is on the effect of the judgment between these parties in the superior court of the city of New-York. As I understand the facts, the plaintiff sued then, as he does now, for contribution. The declarations in the two cases are precisely alike, except that they mention different bonds as a part of the ground-work of the action. But both bonds were given at the same time, upon the same consideration, and as parts of one and the same transaction. In answer to the first action, the defendant pleaded the same release and consent that are set up in answer to this action; and, upon demurrer, judgment was rendered in his favor. We have then the judgment of a court of concurrent jurisdiction directly upon the point made by this suit; and nothing is better settled than that such a judgment, so long as it remains in force, is conclusive between the same parties in another action upon the same matter. It is true that there is a shade of difference between the two cases as to the necessary proof on the part of the plaintiff to sustain the action. Different bonds are mentioned in the two declarations. But so far as relates to the principal question in controversy, to wit, the right of the plaintiff to demand, and the duty of the defendant as a co-surety to make contribution, the two cases are precisely alike. The defence is precisely the same in both actions. The matter which the plaintiff now attempts to agitate anew is *res judicata.* The case of *Gardner* v. *Buckbee,* (3 *Cowen,* 120,) is in point. The defendant had given the plaintiff two promissory notes for the consideration money on the purchase of a schooner. In a suit on one of the notes, the defendant set up a total want of consideration, on the ground of the fraud of the plaintiff in making the sale; and judgment was rendered for the defendant. In a suit subsequently brought by the plaintiff upon the other note, the former judgment was held a conclusive bar. So here, the two bonds were given at the same time, and upon the same consideration; and the parties were alike co-sureties in both. The defence set up in answer to the plaintiff's claim for contribution was the same in the

former action that it is now; and the judgment rendered in that action is a conclusive bar to any new litigation of the same matter.

A distinction was suggested by the plaintiff's counsel, on the ground that the former judgment between these parties was rendered on a demurrer to the defendant's plea. But it can make no difference in principle, whether the facts upon which the court proceeded were proved by deeds and witnesses, or whether they were admitted by the parties. And an admission by way of demurrer to a pleading in which the facts are alleged, must be just as available to the opposite party as though the admission had been made *ore tenus* before a jury. If the plaintiff demurred for want of form, or if, for any other reason he wished to controvert the facts alleged in the plea, he might, after learning the opinion of the court, have asked leave to withdraw the demurrer and reply. But he suffered a final judgment to be entered against him. He probably thought that the facts were truly alleged in the plea, and therefore did not wish to amend. But however that may be, the judgment is a bar to this action.

As the circuit judge was right upon this point, there could be no use in granting a new trial on the other grounds which have been noticed.

New trial denied.