Mason, J.
This is a motion on the part of the defendant for a rule staying all proceedings in the last two causes above men*, tioned, until the determination of the first above entitled cause, or for such other ordef as may be proper in the premises.
The first entitled suit is brought to compel a specific performance of certain articles of association, entered into by the plaintiffs and others, and the defendants, whereby the defendant, Clark, agreed to convey to the plaintiffs, as trustees of the association to be called the Guyandot Land Company, certain lands particularly set forth in the articles; or in case the agreement cannot be specifically performed, then that the plaintiffs may recover [damages against the defendants, or one of them, for the non-performance of the agreement. The plaintiffs sue in behalf of themselves and the subscribers to the agreement, of whom Cotheal, the plaintiff in the third suit, was one.
*700 The defence, as set up in the answer, is that the company1 never was organized, and that the articles are of no binding force.-
The second suit is brought by one of the plaintiffs in the first suit, and also a subscriber to the articles, to recover damages for the breach of a written agreement by the defendant Clark, to transfer and assign to him, after organization of the company; two hundred and fifty shares of the stock thereof; and the de-fence is, that the company never was organized, and of course the agreement to transfer is not binding.
The complaint in the third suit is identical with that in the second, except as to the number of shares, which is only one hundred and twenty-five instead of two hundred and fifty, and the defence is also precisely the same.
It is clear that in all three suits, the great question is, whether the company was organized, so as to render it obligatory on the defendant Clark to convey the land. If it was not, he earn not be called upon to do so, or be made answerable for not transferring shares which, until after such organization, had no existence. The execution of the articles in the first cause; and of the contract in the second ahd third cases, by the defend* ants, is expressly admitted, so that no proof will be necessary Or proper in either of the cases, but such as bears upon the question of organization. But I see no reason for compelling the defendant Clark to litigate this question in three different suits, or to allow the plaintiffs to proceed pdri passu, subjecting him to the heavy costs which each of them must occasion.
If the court shall be of opinion in the first suit, that Clark Ought not to perform the agreement, it will follow, of course; that there is no company, and no shares to be transferred, foi they are based upon the conveyance of the land, and that question ought to be, and in point of law would be, conclusive with the plaintiffs in the other two suits; for the plaintiffs in them are respectively plaintiffs in the first—Bridge, by name and in form; and Cotheal in reality, the suit being in behalf of all the sub* scribers, and one in which they have a common interest. (Bouchaud v. Dias, 3 Denio, 238.)
So on the other hand, if the court should come to the conclusion; in the first suit, that the contract ought to have been per *701 formed by Clark, but that they cannot make a decree for its specific execution as against Clark, because he has disabled himself, or because Barton cannot, by reason of circumstances in his favor, be compelled to convey to Clark, then the plaintiffs will be entitled to damages, and Cotheal as well as Bridges, will be authorized to come in and prove their amount. The rule of damages, I apprehend, would be the loss which each individual subscriber had sustained by reason of the failure of the defendant to fulfil his agreement, and the measure of that loss would be the difference between the value of the shares each were entitled to receive, and the sum agreed to be paid for them, and that would be the precise rule and measure of damages in the second and third suits.
It is only on the supposition that the defendant Clark should be decreed specifically to perform his contract, that all the questions in the second and third suits would not be settled and terminated in the first suit. In the event last supposed, the company would be declared to have been organized so as to oblige the defendant to convey the lands, and of course would have been in default in not having conveyed. The plaintiffs in the second and third suits, would then be entitled to recover damages by reason of the breach of his agreement to transfer the shares. But in the ascertaining of these damages, it would not be necessary, nor ought the defendant to be permitted to litigate again the question of organization. The decision on that point In the first suit, would be conclusive upon him.
Under a view of all the circumstances of the case, the proceedings in the second and third suits should be stayed until the determination of the first suit, provided the defendant will stipulate in the two former, that in case there should be a judgment for specific performance against the defendants, or against Clark in the first entitled suit, the plaintiffs in the other suits may have a judgment for such damages as they shall prove to have sustained; and in such case, they have liberty to apply on due notice to the opposite party, after a decree for specific performance in the first entitled suit, for a rule for such assessment, either before the court or a referee, or in such other way as the court may think proper, and the defendant may take an order to that effect