## ROYCE *vs.* BURT.

Where only a single cause of action, viz. assumpsit for the breach of a warranty, was set forth in the complaint in a former suit, before a justice of the peace; *Held* that the record of the judgment in that suit, imported a judgment upon that cause of action; and that in a subsequent suit between the same parties, in the supreme court, it was erroneous to receive parol evidence to show the proofs and proceedings in the former suit, and that the judgment therein was in fact rendered upon proof of a different cause of action than that stated in the complaint, to wit, fraud in the sale of property.

APPEAL from a judgment of nonsuit, ordered at the circuit. The action was brought to recover the value of a wagon, which the complaint alleged the defendant had wrongfully converted to his own use. The defendant, in his answer, after a general denial of the matters set forth in the complaint, alleged that on or about the 26th day of July, 1861, at the town of Bethany, in the county of Genesee, the plaintiff sold and delivered to the defendant a mowing machine, at the price of $85, and that the plaintiff then and there, as an inducement to the defendant to purchase of him the said machine, represented to the defendant that said machine was a good one, and was all right, and would do good work, and as good as any other machine. That the defendant was thereby induced to purchase the said mowing

machine, at the price aforesaid, in the belief that said representations were true, and in part payment therefor to deliver to the plaintiff the carriage mentioned in the complaint, and also the promissory note of the defendant, bearing date upon that day for the balance of said purchase price, to wit, for the sum of $35, due in three months from the date thereof. That each and every of said representations were false, and were then known by the plaintiff to be so; that said machine was defective, and would not work, and was at the time of sale entirely worthless, by reason of which the said sale was fraudulent and void. And that the defendant immediately upon the discovery thereof, to wit, on or about the 10th day of August, 1861, notified the plaintiff of such facts, and offered to return the said machine, and demanded that the said plaintiff should return the said promissory note to the defendant, and remove the said machine. That the said carriage being at that time lawfully in the possession of the defendant, he, for the reasons aforesaid, retained the same, and still did retain the same, as he lawfully might; which said detention was the conversion referred to in the complaint, and none other or different.

On motion of the defendant, the place of trial was changed from Livingston county to the county of Genesee, where it was tried at the circuit, in June, 1862. The plaintiff was nonsuited. On exceptions heard in the first instance at the general term, in the 8th district, in September, 1862, a new trial was granted, for the reasons given in the following opinion by

DAVIS, J. "This action was tried at the June circuit, held in and for the county of Genesee, and the plaintiff was nonsuited at the trial. The action was brought for the conversion of a carriage. The plaintiff showed, in substance, that in July, 1861, he sold and delivered to the defendant, a mowing machine for the price of $85, and took in payment therefor the carriage in question, and the note of the defend-

Royce *v.* Burt.

ant for $35. That, by agreement with the defendant, he left the carriage at the defendant's carriage house a few weeks; and that afterwards he called for the carriage, and the defendant refused to allow him to take it away. The plaintiff also put in evidence the docket and complaint in a certain suit in a justice's court, brought by said defendant against him, in which the defendant recovered judgment against the present plaintiff for the sum of $35.69 damages, besides costs, (which said docket and complaint are fully set out in the case.) The counsel for the defendant moved for a nonsuit, on the ground that the record of the former judgment and the pleadings introduced by the plaintiff, were an estoppel on the plaintiff in this action, and conclusive evidence that the title, possession and right of possession of the carriage in question, were in the defendant, and not in the plaintiff, at the time of the commencement of this action. The court granted the motion, and the plaintiff's counsel duly excepted to the decision. It is obvious that the pleader who drew the complaint in the justice's court intended to state, and supposed he had stated facts entitling the defendant to rescind the contract of sale, and recover back the consideration he had paid; but it is equally clear, that he failed to do so. He does, however, state facts sufficient, under the proper proofs, to entitle the plaintiff to recover in assumpsit for a breach of warranty. If the plaintiff, on the trial before the justice, had proved the alleged warranty and a breach thereof, he would have been entitled to recover such damages as he showed himself to have sustained, notwithstanding the erroneous theory on which his complaint proceeds. I am not able to see any thing in the complaint or docket produced to show that this was not the case; and, it is clear if it were, the judgment would be no estoppel on the plaintiff's right to recover in this action. The court, however, assumed that the trial in the justice's court proceeded upon the erroneous theory of the complaint, and that the justice, on proof sustaining that theory only, held that the

right to rescind the contract, and the rescission thereof, were established, and rendered his judgment accordingly. If this had been, in fact, the case, I suppose the judgment, although erroneous, would have been conclusive upon the parties, while remaining in full force and effect; and I do not see why the defendant would not have been at liberty to show that such was the fact. But without such proof I think the assumption of the court cannot be sustained, and for the reason above suggested, to wit: That the justice would have been legally bound, upon proof of the warranty and its breach, alleged in the complaint, and damages therefor, to have rendered judgment for the plaintiff, notwithstanding the other allegations of the complaint; and it is impossible for the court to see from the documents produced, that that was not the case. I think the true view of the case, on the simple production of the docket and complaint, is, that neither party was estopped thereby, because there is nothing in them to show the questions actually litigated, or the grounds and proof on which this judgment actually passed; and that either party was at liberty to show what was actually tried and adjudged before the justice; upon which, when properly shown, the judgment would become an estoppel, or bar. The learned justice, I think, committed an error in nonsuiting the plaintiff, there being sufficient evidence, independently of the judgment, to entitle the case to go to the jury. There should be a new trial, with costs to abide the event."

The second trial was had at the Genesee circuit in March, 1863, before Justice GROVER and a jury. Jabin W. Bosworth was called and sworn as a witness for the plaintiff, and testified as follows, viz: "I know the parties to this action. I was an acting justice of the peace of the town of Bethany, in this county, last year, and have been for six years past. An action was tried in 1861 between these parties, before me as justice." (The witness here produced the docket of a judg-

Royce v. Burt.

ment, and the annexed complaint of the plaintiff in the action, before him, between the said parties, and furthermore said :) "This is the original docket of the proceedings and judgment in that action, before me, and this is the original complaint of the plaintiff therein." The said docket of the proceedings and judgment, and the said complaint, were duly offered in evidence, and received without objection, and were read to the jury. They were entitled in a suit brought by the present defendant, against the present plaintiff, before the said justice. The complaint in that suit was as follows : "The plaintiff, for complaint in this action, says that heretofore, to wit, on the 26th day of July, 1861, at Bethany, the said plaintiff purchased of him, the said defendant, at his special instance and request, one Empire mowing machine, at and for the contract price of eighty-five dollars. That the said defendant, as an inducement to this plaintiff to purchase the said machine, then and there warranted to this plaintiff that the said machine would do first rate work, and was as good a machine as any other manufactured, for mowing grass; that he would warrant it to do good work; that he had sold several of them to different persons, and that they all did good work; and that it was a good machine for the purpose for which it was intended ; that this plaintiff, relying upon these representations and warranty, then and there purchased the said machine, at and for the said sum of eighty-five dollars ; that the said plaintiff then and there, for a part of the purchase price of said machine, made, executed and delivered to the said defendant, his promissory note, in the sum of thirty-five dollars, payable to John S. Royce or bearer, three months from the 26th day of July, 1861, with use; that the said defendant, before the said note became due and payable, for a valuable consideration, transferred the same to Champion Rogers ; and that the plaintiff has actually paid the said sum, thirty-five dollars and interest due thereon, on the 4th day of November, 1861. And the plaintiff further says that the representations, statements and

warranty made by the said defendant to this plaintiff as aforesaid, were not true. That the said machine would not do first rate work, but in truth and in fact it would not cut or mow grass, except it was very light; that said machine was not as good a machine as any other manufactured for mowing grass, but was greatly inferior to many other machines, in that it would not answer the purpose for which it was made, and for which the plaintiff purchased it; that the said machine would not do good work, but did all its work poorly; that it was not a good machine for the purpose for which it was intended, but was inferior in that it could not be used in cutting heavy grass. The plaintiff further says that subsequently, and on or about the 7th day of August, 1861, at Batavia, he demanded of him, said defendant, that he, the defendant, should return the said promissory note to him, the said plaintiff, and take away the said machine, which the defendant refused to do. By reason of the premises aforesaid, the plaintiff demands judgment for the said sum of thirty-five dollars and sixty-nine cents, with interest thereon from the 4th day of November, 1861, with costs of this action."

The witness further testified that he had the minutes of the evidence on that trial. Being asked what facts were proved on that trial, before him, the testimony was objected to as incompetent, on the ground that the party could not contradict nor alter the record of the proceedings before the justice by parol testimony of what transpired before him. Objection overruled by the court, and plaintiff's counsel excepted to the decision. The witness thereupon further testified in respect to the proceedings and testimony before him. The plaintiff having rested his case, the defendant's counsel moved for a nonsuit, on the ground that the plaintiff had not established a cause of action. The motion was granted by the judge, and a nonsuit ordered; and the plaintiff's counsel excepted. And from the judgment entered he appealed to the general term.

*Ward & Abbott,* for the appellant. I. Independent of the judgment before the justice, the plaintiff's cause of action was fully made out on the trial. The record of the former judgment and pleadings, in the action before the justice, between the same parties, was an *estoppel* on the defendant in this action, and conclusive evidence that the title, possession, and right to the possession of the carriage, was in the plaintiff in this action, and not in the defendant. By a careful examination of the complaint in the action before the justice, it will be found to contain a cause of action, and but one cause of action, and that cause of action is for breach of warranty. For that cause of action, and for that alone, the plaintiff in that action, (who is the respondent here,) had a right to recover his damages, and such recovery was conclusive evidence that the title to the carriage was in Royce. No fraud was alleged, nor special agreement, under which Burt had the right·to rescind, and recover a judgment, based upon such rescission. Where there is a mere warranty without fraud, the party has no right to rescind. (*Voorhees* v. *Earl,* 2 *Hill,* 288. *Cary* v. *Gruman,* 4 *id.* 625. *Sedgwick on Dam.* 286, *and notes.*) The legal and conclusive presumption is, that the judgment rendered by the justice was for the amount of damages proved before him for the breach of warranty, and was based upon the only cause of action stated in the complaint. The fact that the amount of damages found by the justice just equalled the note in question does not, cannot overthrow that presumption.

II. The court erred on the trial of this action, in permitting the defendant (respondent) to prove, under objection, by parol testimony what transpired before the justice, for the purpose of contradicting the· record, and showing that the judgment rendered by the justice was for a different cause of action than the one stated in the, record. The record showed a judgment for a breach of warranty. The parol proof was introduced to show that no such judgment was rendered, but the same was a judgment based upon the

Royce *v.* Burt.

rescission of a contract upon the ground of fraud. The record showed one thing; the parol proof was intended to show another. (*Brintnall* v. *Foster*, 7 *Wend.* 103. *Boomer* v. *Laine*, 10 *id.* 525. *Hard* v. *Shipman*, 6 *Barb.* 621, 627–9. *Smith* v. *Compton*, 20 *id.* 262, 268. *White* v. *Hawn*, 5 *John.* 351. *Posson* v. *Brown*, 11 *id.* 166. *McLean* v. *Hugarin*, 13 *id.* 184. *Dygert* v. *Coppernoll*, *Id.* 210. *Cowen & Hill's Notes*, 839, 1107, *and following*, 1110, 1114.) In 7 *Wend.* 103, the court says: "It would be dangerous to permit an inquiry into the evidence and proceedings on a trial before a justice, to show that the kind of judgment rendered by him was not such as he ought to have rendered, and to give effect to it as it should have been, rather than as it is." "Although this court has not gone so far [at that time] as to hold a justice's judgment a technical record, they have elevated it to the character of a specialty. It is declared to be as much a specialty, and as conclusive between the parties as a judgment of this court." In 4 *Denio*, 414, Bronson, J. says: "But strictly speaking the judgment of a justice, in a case of which he has jurisdiction, is much more than equivalent to a specialty, for that may be impeached on various grounds, as fraud or illegality. Such a judgment, however, while unreversed, is, for every purpose, as conclusive between the parties as that of the highest court of record in the state." In 6 *Barb.* 621, Paige, J. says: "Since the adoption of the revised statutes, a justice's court has higher claims to the rank of a court of record, and the docket therein to the dignity of a record, than before that time. The revised statutes require every justice of the peace to keep a book, and to enter therein every material proceeding in a cause. If a justice's judgment is now entitled to rank as a record, the rule of evidence applicable to records must be applied to it. If it is more than a specialty, and is as conclusive between the parties as a judgment of the highest court of record, I cannot see why it is not entitled to take its rank as a record. If it is to be deemed a record, it fol-

lows that it cannot be contradicted by parol evidence. Even as a specialty, to which at least it is equivalent, parol evidence is not admissible to contradict it." You can identify the subject matter of a former suit as the same in the suit pending, by parol; as in this case, the plaintiff had the right to prove that the carriage in question was a part of the purchase price of the mowing machine. Beyond this the rule does not go. The impropriety of opening a record of a justice's judgment to contradiction or alteration by parol, is manifest when we suggest that each witness' evidence on the former trial, however numerous the witnesses may be, thus becomes the subject of a collateral issue, those who heard it given, disagreeing as to its purport, &c. The opinion of Judge Davis, " I do not see why the defendant would not have been at liberty to prove that such was the fact," &c. and that part in which he says that neither party was estopped by the production of the docket and complaint, &c. was mere *dicta*. This point was not raised on the first trial; no allusion was made to it on the argument at general term, by counsel on either side. If the point had been raised and argued, in the light of the authorities above cited, we cannot doubt what the opinion of the learned judge would have been.

III. The court erred on the trial, in overruling the plaintiff's objection to the question by the defendant's counsel, to wit: Question, " Did you base your judgment in that action before you, on the ground that the plaintiff in that action had rescinded the contract?" the answer being—" I did on that and on no other ground." This was permitting the justice to dive down into the secret recesses of his own mind, and give his reasons, however absurd they might be, for his judgment, to bind the plaintiff; whether such reasons were supported by the evidence or not. The impropriety of the rule here established will be manifest, if we suppose the cause to have been tried by a jury of twelve men. Would it be proper to inquire of each and every juror, the reasons for his individual verdict, and thus raise an interminable number

of side issues, one juror basing his verdict on one thing, another on another, and so on?

IV. The court erred in nonsuiting the plaintiff: 1st. The plaintiff had fully established his cause of action. 2d. The record showed a judgment before the justice for one cause of action. The parol testimony of the justice showed a judgment for another and different cause of action. This raised a question of fact, as to what the judgment was in fact based upon, which question of fact should have been submitted to the jury.

*M. H. Peck,* for the respondent. I. The questions involved in this appeal are *res adjudicata* in this court. The legal principles governing the disposition of the cause were clearly settled and defined by the general term, and the case was tried and disposed of at the circuit precisely in accordance therewith.

II. Independent of this consideration, however, there is abundant authority in support of the correctness of the rulings of the learned justice at the circuit. 1. That the plaintiff was correctly nonsuited upon the case as it then stood, will scarcely be questioned. The evidence established that he was neither the owner nor entitled to the possession of the carriage at the time of the commencement of his action. His claim in that behalf rested exclusively upon the contract between the parties for the sale of the mowing machine. A rescission of that contract, of course, effectually put an end to that claim. The "former adjudication" before Justice Bosworth determined the precise question that the contract was rescinded as early as August, 1861, three months prior to the commencement of this action. This was a direct adjudication upon the question, by a court of competent jurisdiction, in an action between the same parties, and, so long as it remains in full force and effect, is entirely conclusive upon the parties. Whether right or wrong is wholly immaterial—its correctness cannot be *collaterally* questioned. (2 *Phil. Ev. 4th ed. p.* 18, *n.* 264. *Gardner* v. *Buckbee,*

3 *Cowen*, 120. *Wood* v. *Jackson*, 8 *Wend.* 9. *Morgan* v. *Plumb*, 9 *id.* 287. *Ehle* v. *Bingham*, 7 *Barb.* 494. *Doty* v. *Brown*, 4 *Comst.* 71. *Castle* v. *Noyes*, 4 *Kern.* 329. *White* v. *Merritt*, 3 *Seld.* 352.) (2.) There was no error in the rulings at the circuit in the admission of evidence. No attempt was made to contradict or alter the record. No evidence was offered or received for any such purpose. Its purpose and effect was in aid and explanation of the record—to ascertain a fact which could not be definitely determined by an inspection of the record, by reason of the ambiguity patent upon the face of the complaint. It is impossible to give any legal or sensible application to the "record" without first ascertaining what questions were in fact tried and determined by the magistrate. Under the complaint these might have related to either of two " theories" of the case— the recovery of *damages* for a " breach of warranty" or of the *consideration money paid,* based apon a rescission of the contract. Parol evidence of this character is admissible as to any record. But there was always a marked distinction in the admission of parol evidence in such cases between proceedings in justices' courts and those in courts of record. As to the former the rule of exclusion is much less stringent than as to the latter. The reason is obvious, and is well stated by Gardner, J. in *Campbell* v. *Butts*, (3 *Comst.* 175.) " In these courts (justices' courts) the pleadings may be, and usually are, informal; and, with a view to substantial justice, courts of review have attached far more consequence to the conduct of parties and the proofs made by them on the trial, than to their allegations." As to justices' judgments, at least, it was always competent for a party to show by parol evidence what questions were actually litigated on the trial, and upon what grounds the action was in fact determined. This doctrine is distinctly recognized and approved by the court of appeals in the case of *Doty* v. *Brown,* (4 *Comst.* 71. *See also Gardner* v. *Buckbee*, 3 *Cowen*, 120 ; *Burt* v. *Sternburgh*, 4 *id.* 559 ; *Young* v. *Rummell*, 2 *Hill,*

---

Royce *v.* Burt.

---

478; *Briggs* v. *Wells,* 12 *Barb.* 567; 1 *Greenleaf's Ev. sec.* 530; 2 *Phil. Ev. 4th ed. p.* 21, *n.* 262; *Id. pp.* 106, 124; *Wood* v. *Jackson,* 8 *Wend.* 9.)

III. If, however, the court should not agree with us in the position that the decision of the general term should control the disposition of the case upon this appeal, we submit that the record itself is conclusive against the plaintiff, as an estoppel. *Prima facie* the question of the rescission of the contract was involved in that adjudication. This is the distinct " theory" upon which the plaintiff by his complaint in the justice's court predicates his right to recover. He alleges no other right to recover and claims no other relief than such as is applicable solely to that theory of the case. He claims to recover and does in fact recover the precise consideration paid. He neither alleges nor seeks to recover any other " measure of damages." If the question of rescission was in fact in controversy and passed upon, it is not at all material to inquire whether either the complaint or proof was defective. The conclusive effect of the adjudication as an estoppel is not affected by any such consideration. (1 *Greenleaf's Ev. sec.* 530. *Morgan* v. *Plumb,* 9 *Wend.* 287.)

*By the Court,* E. DARWIN SMITH, J. When this case was before the court, at general term, in the eighth district, it was decided, in effect, that upon the face of the record of the suit in the justice's court, that action was brought to recover in assumpsit for a breach of warranty. The complaint before the justice was in writing, and there was no appearance by the defendant, and no defense made by him. According to this decision, which is the law of the case, and which we think clearly correct, the record of the judgment imports a judgment upon the cause of action stated in the complaint; that is, for a breach of warranty. There is but one cause of action stated in the complaint, and that is indivisible. The judgment must be deemed a judgment rendered upon this complaint, and for the cause of action therein stated and set

forth.   The suggestion in the opinion of the learned judge who gave the opinion of the court, that neither party was estopped by the record, and that either party was at liberty to show what was actually litigated, or the grounds and proof on which the judgment actually passed, we think not essential to the decision of the questions then before the court; and we do not think it was the intention of the court definitively to pass upon that question.  Regarding the question, therefore, as an open one, we think the suggestion which was followed at the circuit must be considered a mere *dictum*, and the question open for our consideration.   Certainly, we would not assume to review or reconsider, in the same action, a question definitely decided by our brethren, at a general term in any other district.   Parol proof was received at the circuit, under the objection and exception of the plaintiff, showing the proofs and proceedings before the justice, on the trial of the action in which such judgment was rendered. The question is therefore distinctly presented upon exception, for our decision, whether such evidence was admissible.   We think it was erroneously received, and that it was simply directed to contradict the record; and that this was as inadmissible as if the record had been one of this court, or of any court of record.   It is undoubtedly true that where, upon the face of the record, there is uncertainty in regard to the questions which might have been litigated upon the trial; where a complaint sets out several causes of action, as under the former practice, where a declaration set out a promissory note or bill of exchange, and the common counts; or where a trespass, or a conversion of various articles of personal property, were stated in such general language as to embrace a variety of trespasses, or make proof of different trespasses or actions, or causes of action, admissible under the pleadings, then parol proof was always admissible, and is clearly proper where a record is set up or given in evidence, as above, to show *aliunde* the real question litigated.   (8 *Wend.* 9. 5 *Cowen*, 120.  3 *Denio*, 238.  4 *Barb.* 457.  *Doty* v. *Brown*,

4 *N. Y. Rep.* 480.)   In the case of *Young* v. *Rummell*, (2 *Hill*, 481,) Judge Beardsley states the rule as follows : "The record must show that the same matter might have come in question on the former trial ; and the fact that it did come in question, may be shown by proof *aliunde.* For example, when the suit is upon a promissory note, and the defendant shows a record where the declaration contained the money counts, he may then call witnesses to prove that the note was given in evidence, and its validity tried in that action." This case states the rule, I think, correctly. By this rule the pleadings must warrant the evidence in respect to the cause of action in question. In this case the complaint was in assumpsit, as we have seen, upon a contract of warranty. No fraud is charged in it. Evidence of fraud would have been inadmissible under the complaint. Proof of *fraud* was not proof of the complaint. The evidence which the justice was properly entitled to receive, was evidence to prove the facts stated in the complaint. Proof of any other cause of action did not sustain the complaint, and the plaintiff was not entitled to recover upon any such proof. If such proof was, in fact, given, it was outside of any issue pending before the justice ; and he had no right to render any judgment thereupon ; and particularly as the defendant did not appear to waive the objection. It may be that the defendant was content, upon seeing the complaint, to let the plaintiff recover for a breach of the warranty. It would be a fraud upon him to let the plaintiff, upon such a complaint, recover upon another distinct cause of action. It is a fundamental rule, that the proof to warrant a recovery, must be *secundum allegata.* Courts, when the parties appear, often amend the pleadings, on the trial, so as to enlarge the issues ; but a new cause of action cannot be proved without such amendment of the pleadings, in any case. The amendment is necessary to sustain the verdict and judgment. Holding, as we are bound to do, under the decision of this case by the general term of the eighth dis-

trict, that but a single cause of action was stated in the complaint before the justice, it would be in conflict with sound principle to receive proof that such judgment was, in fact, rendered upon proof of another distinct cause of action. We are bound to hold that the judgment was rendered upon due proof of the cause of action stated in the complaint. It was, therefore, error in the circuit judge to receive proof that the judgment was rendered upon proof establishing fraud in the sale of the mowing machine.

The nonsuit must therefore be set aside, and a new trial granted, with costs ·to abide the event.

Judgment accordingly.

[MONROE GENERAL TERM, June 1, 1863. *E. Darwin Smith, Johnson,* and *James C. Smith,* Justices.]