Allen, J.
The recovery by the plaintiff is in assumpsit, for the value of thirteen United States .bonds, deposited with the defendants at their request, and sold by them as the agent of the plaintiff, he ratifying the sale and the defendants promising to pay for the same. The verdict of the jury for the plaintiff sustains the allegations of the complaint and establishes the facts above stated, which were the only facts in issue. No exception was taken to the right of the plaintiff to recover upon the facts thus stated and found. The *275 defendants interposed, as a defence and as a bar to the action, a judgment in a former suit between the same parties, claiming and insisting that in such action the cause of the present action was res judicata.
The former action was by the present plaintiff against the present defendants for the recovery of the value of the same bonds, and grew out of the same transaction as the present. There was a demurrer to the complaint for insufficiency, upon which the defendants had judgment. The plaintiff, in both actions, asserted his ownership of the bonds. In the first his title was admitted by the demurrer, and' in the present it is denied by the answer of the appellant, but was not controverted on the trial, and is established by the verdict. In every other respect the allegations of the complaint are essentially variant. In the former action the plaintiff averred a loan of the bonds to the defendants, and a sale thereof against his wishes and consent; a demand of them from, and a refusal to deliver by, the defendants, and a conversion of the bonds by the defendants to their own use, to the damage of the plaintiff of $6,000. The gravamen of the complaint was in trover for the wrongful conversion of the property. The complaint was adjudged insufficient, but not for the reason that the general property of the plaintiff in the bonds was not sufficiently averred, but probably, on the ground that the present right of the plaintiff to the present possession of, or a return of the same bonds, did not appear, or for some other reason not affecting the title of the plaintiff or the justification of the defendants. Whatever may have been the expressed or implied contract upon the alleged loan of the bonds or the rights of the plaintiff, or the obligation of the defendant under that contract, the plaintiff did not count upon it or claim in virtue of it, and the loan was only stated by way of inducement to the principal cause of action, the conversion of the bonds. It served to show the original lawful possession by the defendants, as bailees, as preliminary to the allegation of a tortious disposal of the property. In the former action the material facts alleged in the com *276 plaint were the ownership of the plaintiff, the unauthorized sale by 'the defendants, and the consequent loss and damage to the plaintiff. The complaint was, in form, for a tort and had none of the elements of a complaint upon contract. The averment of the loan was not made the foundation of any allegation of a breach of an assumpsit, express or implied, resulting from the loan. The rule is, as is claimed by the appellant, that one shall not be twice vexed for one and the same cause, and that an allegation of record, upon which issue has been taken and found, is between the parties taking it and their privies conclusive, according to. the finding thereof, so as to estop the parties from again litigating the fact once so tried. (Ferrer's Case, 6 Coke, 7.)
Stated in another form, the rule is that the judgment of a court of competent jurisdiction directly upon the point is as a plea, a bar, and as evidence conclusive between the same parties upon the same matter directly in question in another action or court. (Barrs v. Jackson, 1 Y. & C., 585.) A matter or cause of action is res judicata when it is actually merged in a judgment, or the same point has already been decided between the same parties; and if) by law, a judgment could have been given for the plaintiff in a former suit, for precisely the same cause of action as that for which the present suit is brought, it has, within the rule, passed into judgment, and is res judicata. But in order to bar the second action the circumstances must be such that the plaintiff might have recovered in the first for the same cause alleged in the second. (Bigelow v. Winsor, 1 Gray, 299; Bagot v. Williams, 3 B. & C., 235; Nelson v. Couch, 15 C. B. [N. S.], 99.)
The question is whether the same evidence will maintain both actions. If the evidence which will sustain the second would have authorized a recovery in the first, under the allegations of the complaint, the first judgment is an absolute bar to the second. (Miller v. Manice, 6 Hill, 114; Per Lord Eldon, Martin v. Kennedy, 2 B. & P., 69.) It is not sufficient that the transactions involved in and giving rise to *277 the two actions are the same; the causes of action must be identical to the extent that the same evidence will support both. The form of action may be different and the causes of action still the same; that is, the same evidence may be equally available to support either. A judgment for the defendant in an action of trover may bar an action of indebtitatus assumpsit for the value of the same goods, but to constitute a bar it must appear that the question of property was passed upon in the first action. Hitchen (or Kitchen) v. Campbell was twice before the court. (2 Wm. Blackstone, 778; id., 827; S. C., 3 Wils., 240 ; id., 304.) It was an action of assumpsit for money had and received, the avails of certain goods, and first came before the court upon a demurrer to a plea of a former judgment for the defendant in an action of trover for the same goods, and judgment was given for the plaintiff. The issues of fact were subsequently tried, and it appeared in evidence that in the suit in trover the defendant had a verdict on the merits, upon which judgment was perfected; and the court held it a bar to the action in assumpsit as being for the same cause. The court said that, as there was clearly a conversion before the action of trover, the only question must have been on the property; and in the action the same question arose; and the first action had determined the goods not to be the plaintiff’s. Ch. J. De Grey explained the judgment on the demurrer by saying that though the goods were averred to be the same, it did not appear that the question was the same, and, therefore, trover might not have lain for the goods themselves, though indebitatus assumpsit might lie for their value. If the judgment set up by the defendants had gone against the plaintiff on the merits and upon a question material to the maintenance of the present action, for example, upon the question of property, the present action would have been barred. (Bouchard v. Dias, 3 Den., 238; Com. Dig., “Action,” K., 1, 3.) But if judgment was by reason of the insufficiency of the complaint — formal defects not touching the merits — it would be otherwise. (Lampen v. Kedgewin, 1 Mod., 207.) If the merits are passed upon, *278 it matters not whether the facts are admitted upon the record by demurrer or found by a jury, the legal effect of the judgment is the same.
Ho point was decided adversely to the plaintiff, in the former action, essential to the maintenance of, or that is involved in the present. The only question common to the two is the general property of the plaintiff in the bonds, and that was admitted in the first, and found by the jury in the present. Had the allegations of the complaint in the first action been traversed, proof of the facts alleged in the second would not have been admissible, and, if proved, would have defeated the action. Within the doctrine of the cases cited, evidence that the defendants sold the bonds as the agents of the plaintiff, and that the latter had ratified the sale, and the defendants had promised to pay for them, which are the facts alleged and proved in this action, would not have been available to the plaintiff, or entitled him" to recover in an action for the tortious sale and conversion of the same bonds. The evidence was the same in the two actions only up to a given point, and from that point there was a divergence, showing, conclusively, that the causes were not the same.
The judgment must be affirmed.
All concur; Church, Ch. J., and Grover, J., not sitting.
Judgment affirmed.