ROBERT HARGRAVES *vs*. A. B. PITKIN MACHINERY COMPANY.

An agreement to purchase an invention described in the specifications in an application for letters patent, to be paid for when the letters patent are issued, does not bind the purchaser to pay for a patent issued upon amended specifications for an invention less comprehensive than that described in the original specifications.

One who has agreed to purchase and pay for a patent right when granted, is not liable to the patentee for the price until a tender has been made to him of the patent.

Where a plea to an action for the price agreed to be paid for a patent right when granted sets up that the patent granted was not the subject of the contract, and that no tender of the patent was ever made to the defendant by the plaintiff, it is bad for duplicity; but no objection being taken to the plea on that ground, and it being good in other respects, a demurrer to the plea will be overruled.

COVENANT. Certified from the Common Pleas Division on demurrer to pleas.

*April* 18, 1896. STINESS, J. The plaintiff sues to recover a sum agreed to be paid in a written contract for the sale of improvements made by him, and described in the specifications prepared for letters patent therefor; the payment of said sum being due when said letters patent were issued.

The defendant pleads that letters patent never were issued for the invention described, but that the application therefor was rejected, and that afterwards letters patent were issued for a slight and trivial portion thereof which were other and inferior improvements of no value to the defendant and not the subject of said contract.

The plaintiff demurs to this plea upon the grounds that the application was not set forth in the contract nor made a part thereof ; and that it appears that letters patent were issued, which was a full performance of the contract.

The question thus raised is whether the granting of any patent upon amended specifications binds the defendant to pay the sum agreed to be paid for a patent as originally described. To put the question is to answer it. The contract might be for one thing, and the patent for quite a different thing from what the parties had in mind in making the contract.

The plaintiff's argument is that in patent law the essential character of the invention as originally set forth cannot be changed. While this is a general rule, it is a matter of common knowledge that patents are often issued for an invention much less comprehensive than that which the applicant describes and for which he seeks a patent. Some part of the supposed invention may have been already patented or it may not be patentable, and yet something may be left for which a patent may issue. The plea sets up such a state of facts. Now if the parties had in mind the large invention in making the contract, it would be most unjust to hold that contract to be binding for a related thing of a substantially different character in value and extent. The question should be whether the purchaser can have, substantially, what he supposed he was to have and what the inventor supposed he was to give. This question is fairly raised by the plea, which avers that letters patent as set forth in the agreement never were issued.

But it is urged that, as the agreement provides for the chance of a final rejection, the purchaser took all other chances and, the application not having been finally rejected,

he is liable according to the terms of the contract. We do not see how the clause about a final rejection alters the consideration of the contract. The defendant was to pay for a patent for the invention described. If there is no such patent, or only one for something substantially different, he has made no contract to pay for such a patent, and it is equivalent to final rejection of the patent contracted for.

In *Johnson* v. *Willimantic Linen Co.*, 33 Conn. 436, a patent had been issued. The purchaser knew what he was buying, and the decision of the court is based upon the fact that both parties had in view the possibility that the patent was invalid. That makes a very different case. Here, the issue presented is that there was a virtual rejection of the patent contracted for. See *Peck* v. *Farrington*, 9 Wend. 44 ; *Geiger* v. *Cook*, 3 Watts & S. 266. The fact that the contract gave only the right, title and interest of the plaintiff in the invention to the defendant does not change the liability, for the answer of no such patent still remains.

The plea further sets up that no tender of the patent has been made by the plaintiff. As the patent was to belong to the defendant, we think it was the duty of the plaintiff, having procured it in his own name, to tender it before demanding the pay for it. The plea might have been objected to for duplicity, for two distinct issues are raised in it ; but as the demurrer is not on this ground, and in other respects we find the plea to be good, the demurrer must be overruled.

The fourth plea sets up a covenant by the plaintiff that he was the sole owner of the invention described, and avers that he was not the sole owner thereof ; to which the plaintiff demurs. The agreement contains no such provision ; there is no averment in the declaration to which the plea is responsive ; it does not set out a case of fraud in the transaction itself, but relates, as we are left to infer from the briefs, to the "state of the art" and to some supplemental and distinct agreement. We are therefore of the opinion that the demurrer to the plea should be sustained.

*J. Jerome Hahn*, for plaintiff.

*Oscar Lapham*, for defendant.