HAMILTON *v.* PARK & McKAY CO.

1. PATENT RIGHTS—REJECTION OF APPLICATION—CONTRACT FOR MANUFACTURE—WANT OF SUBJECT-MATTER.

A contract which provided for the payment of yearly royalties to an inventor for the exclusive right to manufacture a device for which a patent was expected to be issued was void for want of subject-matter, where, at the time of its execution, the application for a patent had been rejected by the officers of the patent department because third persons had previously patented the same device.

2. SAME—EVIDENCE.

In an action for royalties under a contract for the sale of patent rights under application No. 443,930, it was proper to exclude a patent based on application No. 468,971, as not within the pleadings.

Error to Wayne; Carpenter, J. Submitted October 4, 1900. Decided October 31, 1900.

*Assumpsit* by John H. Hamilton against the Park & McKay Company to recover royalties under a contract for the manufacture and sale of a certain device. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Bowen, Douglas & Whiting*, for appellant.

*Alex. D. Fowler*, for appellee.

MOORE, J. This case has been here once before, and is reported in 112 Mich. 138 (70 N. W. 436). A reference to the case as reported will aid in the understanding of the case as now presented. A fuller statement of the condition of the pleadings is necessary to a proper understanding of the case. It was averred in the declaration that the water-closet was modeled and ready to be put in the market October 31, 1892, and that defendant has put it in

use and sold it in the market from that time up to and including the commencement of the suit. A demand was made for a bill of particulars. The bill of particulars was furnished. It stated, "This action is brought to recover the royalties provided for by the contract mentioned in the plaintiff's declaration, at the rate of one thousand dollars ($1,000) per year from and after the 31st day of October, 1892." A notice was given under the plea of the general issue that plaintiff was not the inventor of the water-closet described in his declaration, and did not obtain a patent for it, and did not have the lawful right to give the defendant the exclusive right to make and sell it. After the testimony was all in, upon motion of counsel for defendant the circuit judge directed a verdict for the defendant. In doing so he used the following language:

"It appears from the testimony that in February, 1893, the parties to this suit entered into a written contract whereby the defendant became the sole and exclusive licensee to manufacture and sell under a certain invention which is described in that agreement as follows: 'A certain new and useful improved syphon jet water-closet, for which he [John H. Hamilton] has filed an application for letters patent in the United States, serial No. 443,930.' That is the only description of the invention. At least, there is nothing in that contract which is a better description than that, or nothing inconsistent with it. Now, it appears that, at the time this contract was made, there had not only been an application of the number and character described, but that application had been considered by the officers of the patent department, and a decision had been made upon that application rejecting both claims that Mr. Hamilton made under it. That decision had the force of an adjudication, just as binding as though it had been decided by a court. * * * Subsequently, under that application, Mr. Hamilton did obtain a patent, not for the claims, or any part of the claims, made in the original application, but for minor matters, and a matter which it seems to me was not contemplated by the parties at the time this contract was entered into. A few days after that contract was made, Mr. Hamilton filed another application, and on that application he obtained another patent. I think he got that patent some time in the year 1895. * * *

"It seems to me, from the argument, and I so decide, that that second patent, issued some time in 1895, did not cover the invention described in the contract, and in the application which was therein described.    So, then, this is the necessary result: That, at the time this contract was made, there was an adjudication in the patent office against the plaintiff's ownership in his invention.    That adjudication stands today.    Nothing has happened during the entire time since that contract was made to vary or in any way change the effect of that adjudication.    In other words, there has been, it seems to me, what amounts to a judgment that the plaintiff was not, and never has been during that time, the owner of the invention described in this contract.    Now, the question is, What is the rule of law which governs facts of this character ?    It is a well-established principle of the common law that when a contract is made, for instance, to sell a piece of property which is supposed to be in existence, when as a matter of fact that property is not in existence, that contract has no binding force.    *    *    *    It seems to me that that principle of law is decisive of this controversy.    The principal thing bargained for, as I construe this contract, was not in existence then.    The facts which are conceded and brought out by the record in this case show that it was not in existence, and it never has been in existence since.    Counsel have urged that by virtue of this contract the defendant did get the right to manufacture under the patent covering a small detail. Perhaps it did, but that is not the thing which, according to the contract, and according to what seems to me to be the only construction that can be given to it, was what was intended it was going to get.    That was not described by plaintiff in his claims at the time this contract was made, and was something entirely different from what was described, and from what the parties had in mind. This principle to which I have referred has been held applicable where parties were seeking to buy a leasehold, when it was supposed by both parties it was a leasehold of eight years, when as a matter of fact it turns out to be a leasehold of six years.    I am not sure that that was a proper application of the principle, but it is clear to me that it would be applicable to a case of this character, where the contract refers to the application, and the application refers to certain claims, and there has been an adjudication already, which has stood from that time to

the present, deciding adversely to the plaintiff's ownership in that invention. So, as I said before, it seems to me very clear that that principle is applicable,—that the defendant got nothing, and that the contract is therefore void."

Counsel say the court erred in directing a verdict, and that it overlooked what this court decided when the case was here before. They urge that, even if there was no patent issued, the defendant profited by the ideas of Mr. Hamilton; that the latter was deprived of the right to make use of them for himself, or for any person other than defendant; and that there was consideration enough for the promise made in the contract to pay royalties,—citing, also, in addition to the case of *Hamilton* v. *Park & McKay Co.*, 112 Mich. 138 (70 N. W. 436), the cases of *Marston* v. *Swett*, 66 N. Y. 212 (23 Am. Rep. 43); *Hyatt* v. *Manufacturing Co.*, 106 N. Y. 651 (12 N. E. 705); *Burton* v. *Stock-Car Co.*, 171 Mass. 439 (50 N. E. 1029); *Bezer* v. *Signal Co.*, 48 N. Y. Supp. 203; and other cases.

The case of *Hamilton* v. *Park & McKay Co.*, *supra*, presented a very different record from the one made by this record, and was decided by the record as then presented. It then appeared that a patent was issued later upon the application mentioned in the contract, and that defendant had manufactured closets under the contract, while this record discloses that neither of these conditions existed. Without stopping to analyze the other cases cited by counsel, it may be said of them that, upon examination, they are very readily distinguished from the case under discussion.

It is apparent from a reading of the contract made February 21, 1893, that Mr. Hamilton represented he was the inventor and sole owner of a new and useful water-closet, for which he had made an application for a patent, which application was numbered 443,930, and that defendant desired to acquire the right to manufacture and sell that particular water-closet, and was willing to pay a

royalty upon all of said closets it should manufacture. It was to acquire this right that it made the contract. In his application for a patent, Mr. Hamilton made two claims. The first of these claims was rejected by the patent office because, some time prior to the application, a patent had been issued for the same thing to Col. Waring. The second claim was rejected because a patent had been before then issued to one Howell. We think it very clear, then, that not only was defendant not getting the right to make and sell a closet of which the plaintiff was the owner and inventor, and for which a patent should afterwards be issued, but it was getting no right to manufacture any closet without being subjected to the risk of being prosecuted by the owners of prior patents. The defendant was not getting what it expected to get, and what the contract provided it should, in order to create an obligation upon its part. See *Hargraves* v. *Machinery Co.*, 19 R. I. 426 (34 Atl. 738).

It is undoubtedly true that the inventor of a new and useful improvement is invested by law with an inchoate right to its exclusive use, which right he may make absolute by afterwards obtaining a patent upon it. *Gayler* v. *Wilder*, 10 How. 477. We think it equally true that he gets no such right, and can confer none, where he is not the inventor of the article, and for that reason his application is rejected by the patent office. See *Kirk* v. *U. S.*, 163 U. S. 49 (16 Sup. Ct. 911). This is not a case where a patent was issued which was apparently valid, under which patent both parties acted, which patent was afterwards made invalid by reason of a prior outstanding patent, in which case it has been held that if, by reason of said prior patent, the licensee has been deprived of the exclusive use to manufacture and sell for which he has contracted, he may defend for that reason in an action for royalties. *Angier* v. *Eaton, Cole & Burnham Co.*, 98 Pa. St. 594; *Edison General Electric Co.* v. *Thackara Manfg. Co.*, 167 Pa. St. 530 (31 Atl. 856); *Marston* v. *Swett*, 82 N. Y. 526. This is a case where no patent in

fact was issued, because prior patents had been issued upon the same claims. See *Harlow* v. *Putman*, 124 Mass. 553.

It is said that the court erred in excluding patent No. 534,689, and the application upon which it was issued. This application was filed April 4, 1893, and was serial No. 468,971. We think the court was right in excluding this testimony, for two reasons: *First*, because this patent was not based upon the application mentioned in the contract; and, *second*, because it was not admissible under the pleadings.

A careful consideration of the record leads us to the conclusion that the circuit judge made a proper disposition of the case.

Judgment is affirmed.

The other Justices concurred.