## BABCOCK *vs.* PECK.

To a plea averring that the plaintiff's demand was set off, tried and determined in a former action brought by the defendant against the plaintiff, the latter replied that on the former trial his present demand was offered to be set off, but was re jected on the objection of the plaintiff in that cause; *held* a good answer to the plea.

Where the plaintiff, in a justice's court, declared on a special contract, by which the defendant agreed to transfer to him one thousand dollars' worth of rail-road stock, but claimed damages to one hundred dollars only, and the defendant pleaded that in a former action, on contract, brought by himself against the plaintiff before a justice, the plaintiff had neglected to set off his present demand; *held*, that the plea was bad, because the demand was either unliquidated, or was for the sum of one thousand dollars; and in either case could not have been set off in the former action.

ERROR to the Rensselaer common pleas. Babcock sued Peck in a justice's court, in assumpsit. The declaration was on a special agreement between the parties, by which, in consideration of certain things agreed to be done by the plaintiff, the defendant agreed to transfer to the plaintiff " one thousand dollars worth of rail-road stock, and to pay the said plaintiff fifty dollars worth of goods, at his, the defendant's, store." The plaintiff avers performance on his part, and that he has demanded a transfer of the stock, and payment of the $50 worth of goods, but the defendant refused. Damages claimed, $100.

*Pleas.* 1. Non-assumpsit. 2. That after this cause of action had accrued, and before suit brought, the defendant sued the plaintiff in a justice's court, in a plea of trespass on the case, and recovered judgment therein for $30,76 damages and costs of suit, against the plaintiff in this cause; that the plaintiff in this action made a set-off in that, of the cause of action set out in the declaration in this cause, which was then and there heard, tried and determined in that action, with the other matters in question in that cause.

To this the plaintiff replies, that on the trial of the action mentioned in said plea, the plaintiff in the present suit offered to set off the cause of action set forth in the declaration; which

Babcock v. Peck.

was objected to by the defendant in the present suit, and that on such objection it was rejected, and the same was not then and there heard, and determined with the other matters in question in said suit. 3. This plea alleges, that after the present cause of action accrued, and before this suit was commenced, the defendant impleaded the plaintiff in the justice's court, &c. in a plea of trespass on the case upon promises, and such proceedings were had, &c.; that the defendant recovered judgment against the plaintiff for $30,76 damages; that the plaintiff in this case neglected to plead and set off in that action, the demand and cause of action in the declaration in the present case, mentioned and claimed. To this the plaintiff replies, that at the trial of the action in the plea mentioned, the plaintiff in this suit offered to set off the cause of action in the declaration alleged, but to this the defendant in the present suit then and there objected, although, at the time of joining issue in that cause, the general issue was pleaded, and notice of set-off given; but that the said set-off, offered as aforesaid, was, under the objection thereto, made by said defendant, as aforesaid, then and there rejected by the court.

Demurrer to both replications, and joinder. Judgment for the defendant with costs, which the C. P. affirmed on *certiorari*.

*W. W. Seymour*, for the plaintiff in error.

*C. E. Mather*, for the defendant in error.

*By the Court*, BEARDSLEY, J. No objection is made to the declaration, and it is assumed to be sufficient to show a cause of action. The second plea is, in substance, that after the cause of action in this case had accrued, and before the commencement of said suit, the defendant therein brought an action of assumpsit, in the justice's court, against the plaintiff, in which suit the same cause of action set out in the declaration in this case, was set off by the defendant in that suit; and said alleged cause of action was then and there heard, tried, and deter

. Babcock *v.* Peck.

mined, with. the other matters in question in said cause, and judgment thereupon rendered in favor of the plaintiff therein for damages and costs.

This was, undoubtedly, a good plea in bar; for, if true, it showed that the alleged cause of action was merged in the judgment rendered in the first cause. But the replication furnishes a decisive answer to the plea, by denying that the alleged cause of action was heard and determined in the former case, as the plea states. An issue was thus tendered on this vital part of the plea; and as the demurrer concedes the truth of the replication, the plea, in this respect, was necessarily untrue. The bar interposed by the plea was thus destroyed, and upon these pleadings the plaintiff was entitled to judgment.

The third plea was bad in substance. It was pleaded in bar to a right of action in which the plaintiff was entitled to recover $1050 as liquidated damages, or his damages were wholly unliquidated. It is of no consequence which is the true construction of the contract declared on; for in neither event was the plaintiff bound to make a set-off of his right of action in the former case.

1. If the contract declared on, shows that the plaintiff was entitled to recover $1050, as liquidated damages, it was not a cause of action which he was bound to set off. (2 *R. S.* 236, §§ 57, 58, *sub.* 1.)

2. If, according to the declaration, the plaintiff's damages were unliquidated, they were not the subject of a set-off, and the former suit was no bar to this. (*Id.* 234, § 50, *sub.* 3; 236, § 57.) As this plea was bad in substance, it is unnecessary to look at the replication. The plaintiff should have had judgment on the demurrer to this, as well as to the other replication.

The judgments of the justice and the common pleas were erroneous, and must be reversed.