### HOPKINS *versus* MEGQUIRE.

Upon the question whether a signature be genuine, evidence as to its resembling the writing of the party may be given by a witness who has seen him write; and such witness may state his belief as to the genuineness.

Upon evidence thus given of a resemblance and of a belief in the genuineness, it is competent for the jury to find a verdict that the signature was genuine.

For goods belonging to the defendant, but tortiously taken and detained by the plaintiff, an account filed by the defendant in set-off to the plaintiff's demand cannot be sustained.

In a suit by the indorsee of a note against the maker, a note given by the indorser to the defendant cannot be allowed in set-off, if not mentioned in the defendant's statement of his set-off demands.

ON EXCEPTIONS from the *District Court*, HATHAWAY, J.

ASSUMPSIT upon a promissory note given by the defendant to *Pierce & Poor*, and alleged to have been indorsed by them. The evidence introduced to show the indorsement, is reported in the opinion of the Court.

The defendant filed an account in set-off for four thousand pickets, $60,00. To prove this claim he introduced witnesses whose testimony tended to show *that* the defendant, on a demand by the plaintiff, refused to pay the note, alleging that it had already been paid; *that* thereupon the plaintiff replied that he had kept back four thousand pickets belonging to the defendant and did not care whether the defendant paid the note or not; *that* the defendant then demanded of the plaintiff to return the pickets, and that the plaintiff answered that he should keep them until the note should be paid.

The defendant requested the Judge to instruct the jury that, if the defendant said to the plaintiff that the note had been paid, the plaintiff's non-denial of such payment was equivalent to an admission of it. This instruction was refused, and to the refusal the defendant excepted.

The defendant also requested the Judge to instruct the jury that, if the plaintiff had the defendant's pickets in possession, the law raised a promise to pay for them, upon which the set-off claim can be sustained. This instruction was refused, and to the refusal the defendant excepted.

In the said set-off account was wrapped up a note given to the defendant by David E. Pierce, one of the indorsers, for $15. Upon the back of the account was a certificate of the clerk, as follows; — "Account and note in offset, *Hopkins* v. *Megquire*, filed," &c. The Judge excluded the note, because not mentioned in the set-off account. To this exclusion, the defendant excepted.

The Judge instructed the jury *that*, whether the plaintiff's omission to deny that the note had been paid, was or was not equivalent to an admission of the payment, was for their decision, the whole conversation of the parties being considered together; *that* the wrongful taking and withholding the pickets, would not authorize the defendant to be allowed for them in this suit; and *that*, as the note of $15 was between other parties, it was not to be considered by the jury.

The verdict was for the plaintiff, and the defendant excepted to the rulings.

*Sewall*, for the defendant.

The Judge erred in allowing the note and indorsement to be read upon such testimony. The witness did not swear that he was acquainted with Pool's hand-writing, that he ever saw him write, or that he had ever seen writing known to be his. The testimony was too vague and uncertain, (admitting the full credibility of the witness,) to establish the fact sought to be proved.

The Judge also erred in rejecting the note filed in off-set. The case finds, that there was duly filed an account in off-set in this case, in which was folded a note. On the back of the account was written the following words : — " Acct. and note in off-set, *Hopkins* v. *Megquire*, D. C. Oct. Tr. 1850, 1, filed, attest, W. T. Hilliard, Clerk." The Court thereupon ruled that the note not having been specified upon the face of the account, as an item thereof, it was not properly filed in off-set.

This note was filed in a wrapper in the usual manner of filing notes in off-set, and the defendant was not required by law to specify the note, or set it out in any statement of

his account. It was of itself as certain as any statement of it could be, and the manner of filing it was a compliance with c. 115, § 25, of the R. S. *Fox* v. *Cutts*, 6 Maine, 240.

*Morrison*, for the plaintiff.

APPLETON, J. — The plaintiff claims to recover as the indorser of a note, signed by the defendant, payable to Pierce & Pool or order, and by them indorsed. To prove the indorsement of the note, he called a witness, who on his direct examination, testified that he had seen Pool write five or six times and that it was his strong impression that the indorsement was in his handwriting ; that it looked like it ; and, being cross-examined, he said, that the writing on the back of the note resembled Pool's, but that he could not swear to the indorsement nor to his writing. It is insisted, by the counsel for the defendant, that this evidence is not sufficient to prove an indorsement. All that a witness, called in such cases, can be expected to testify is, that the handwriting in question resembles that of the person, whose it purports to be ; in other words, that it looks like it. From the resemblance between the signature before him, as compared with those of the same person previously observed, the witness has drawn the inference that they were made by one and the same *individual*. The strength of his belief will depend on the greater or less degree of similarity. He can only testify to his own state of mind on this question. The language used as indicative of the strength of his belief, was properly before the jury for their consideration, and it was for them to determine its sufficiency to establish the fact, which it was offered to prove. When the witness stated that he could not swear to the handwriting nor to the indorsement, he was probably understood by the jury as referring to his own knowledge, and not as intending thereby to limit or restrain the testimony previously given, and it is not for us to say that they misunderstood him. *Hammond's case*, 2 Greenl. 33 ; *Page* v. *Homans*, 14 Maine, 478.

The claim for lumber tortiously converted was not the proper subject of set-off by virtue of the provisions of R. S. c. 115, § 28. "The price of real or personal estate sold" is specified as among the demands which shall be set off. No sale of the pickets charged is proved. When goods and chattels tortiously converted, have been sold and the money received from such sale, the party injured has been permitted to recover such proceeds. To this extent the doctrine of waiving torts and maintaining assumpsit has proceeded and no further. In no case has a recovery in assumpsit been allowed for goods converted as in a sale. *Jones* v. *Hoar*, 5 Pick. 285; *Osborn* v. *Bell*, 5 Denio, 370.

In the account filed in set-off was folded a note of Pierce, payable to the defendant. R. S. c. 115, § 25, requires that " the defendant shall file a statement of his demand," and that " the clerk shall enter on the same the day when it was filed." The note was between others than the parties to this suit. No statement of his demand was filed by the defendant, nor did it appear from any thing filed, what connection the note had with the cause or why it was filed. It was therefore properly excluded. *Exceptions overruled.*

*Judgment on the verdict.*

SHEPLEY, C. J., and WELLS and RICE, J. J., concurred.