## Simeon Smith v. William Warner and another.

*Set-off, in what cases allowable.* The plaintiffs brought an action of assumpsit on a special contract for the sale and delivery by defendants of certain chattels, for which they were to receive pay in sawed lumber. The breach declared upon was the non-delivery of a portion of the said articles. The defendants were allowed by the referee in the Court below certain set-offs. *Held,* that this was an action for unliquidated damages, in which a set-off is not allowable.

*Liquidated damages.* A claim can never be said to be liquidated until some specific amount, or some specific data from which such amount can be calculated by an ordinary mathematical process, shall have been arrived at in such a way as to measure the rights of the parties. This can never be the case before verdict, where the data for calculation depend on values to be established by witnesses.

*Practice on a reference.* The statute prescribes the mode of perfecting the report of a referee, and requires exceptions to be taken in the mode prescribed. It is incompetent for the Circuit Court to send back such a report to the referee for a re-consideration and argument upon a part of the case; if sent back for any thing but the correction of clerical errors, it must be for a new trial.

*Power of Court over reference, when made by consent.* The case having been referred by *consent* to a particular referee, there is no power to appoint a new one without consent.

*New trial in reference cases, when no exceptions are taken.* Whether a new trial may be granted as in other cases, without exceptions, upon affidavits of extrinsic matter, and whether a special reference should be rescinded entirely upon setting aside the report of the referee, is left for future decision.

*Heard January 4th.    Decided April 10th.*

Error to Wayne Circuit.

This was an action on contract brought by plaintiff against defendants, to recover damages for non-delivery of certain personal property.

The declaration contained a special count as to the breach, and also the common counts. Defendants plead the general issue with notice of set-off and recoupment.

The parties consented to a reference of the cause to Thomas S. Blackmar. After the filing of his report exceptions were taken by plaintiff, whereupon defendants' attorney applied to the Court for a re-reference to the same referee, with respect to a *certain* finding, and which was granted. On the filing of the second report plaintiff renewed his exceptions. The Court confirmed the report and rendered judgment in favor of defendants. The facts are stated in the opinion.

*Levi Bishop*, for plaintiff.

1. The declaration contained a special count upon a special agreement. The right of set-off was thereby defeated: — 1 *Esp.* 378; 1 *Cowp.* 56; 3 *Leigh*, 78–83; 6 *Cow.* 613.

2. The damages, being unliquidated, cannot be set off.— 13 *Wend.* 139; 2 *Dana*, 269; 6 *Cow.* 613; 16 *Mo.* 494; 39 *Me.* 445; 5 *T. B. Monroe*, 83; 3 *Blackf.* 31; 1 *Esp.* 378; 18 *Mo.* 158; 4 *Denio*, 292; 2 *Johns.* 150; 17 *Mass.* 178; 6 *Geo.* 509, 512. The same rule holds in equity as at law on this point. — 1 *Smith*, 337; 4 *Edwards*, 308; 3 *Comst.* 475; 10 *Mich. Title Set-off*; 2 *Cow.* 139.

3. As a corresponding proposition, if the claim of the plaintiff be of such a nature that it could not be allowed as a set-off, then no set-off can be allowed in an action upon such claim.— 5 *Day*, 113; 17 *Mass.* 178; 16 *Mo.* 494; 2 *Johns.* 150, 155; 6 *Cow.* 613; 13 *Wend.* 339; 1 *Sanf.* 254, 626.

4. If the amount of damages can be ascertained by computation, it is liquidated; if it depends on proofs, it is unliquidated. — 3 *Pars. on Con.* 156–163; *Powell on Ev.* 233–4; 2 *Dana*, 269; 2 *Johns.* 150, 2, 5.

5. The Court erred in ordering a re-reference in the case, with directions to the referee to review a *part* of his report.— *Sess. L.* 1861, *p.* 160–9.

The Circuit Court did not in any way, in whole or in part,

set aside the report of the referee before making the re-refer-
ence. This was clearly necessary. The finding of facts by a
referee is like the verdict of a jury. A re-reference is the
granting of a new trial, and as a new trial cannot be granted
without setting aside the verdict, so a re-reference cannot be
made till the report, in whole or in part, is set aside.—
*Graham's Pr.* 576, 7; *Green's Pr.*, §§ 1076, 1078 ; 12 *Johns.*
218.

This is a special statutory proceeding. Neither the Court nor
referee can do anything which the statute does not expressly
authorize; and neither can do anything in any other manner
than that specified in the statute.

Before making a re-reference, the Court must act on the
report and set it aside, in whole or in part. If the report is
confirmed as a whole, that ends the case ; if set aside in
whole, then a re-reference may be made. If a part is to be
referred back, the Court must first set aside that part and
confirm the balance. The parties, as we submit, are entitled
to definite action on the whole report, and on each and every
part of it, before any re-reference shall be made.

There can under the statute be no re-reference of a part
of the case. The law says that the Court in its discretion
may refer the case back. These words "the case," mean the·
*whole* case, as the words "judicial power," mean the *whole*
judicial power.—5 *Mich.* 417.

6. The first reference in the case was upon *consent* of par-
ties. The re-reference was resisted and objected to by the
plaintiff. An exception was taken, but was overruled with
others. If, therefore, there was anything wrong about it,
we are now entitled to have that wrong corrected.

*D. C. Holbrook* and *G. V. N. Lothrop*, for defendants.

1. The special count was useless, and wholly unnecessary,
as the plaintiff's whole case could have been litigated under,
and was within the common counts.

2. When a plaintiff is entitled to recover on the common

counts, he cannot prevent a set-off by declaring specially for the same cause of action.—4 *Campb.* 385 ; 2 *Esp.* 626 ; *Chitty on Con.* (*8th Am. ed.*) 738 ; 15 *Wend.* 57–8 ; *Babington on set-off*, 10 ; 2 *Pars. Con.* 245, 249.

3. The plaintiff's demand, as appears by the referee's report, was liquidated and so proved; if he had any other, it was not proved.

The demands sought to be set off were all within the statute allowing set-off.— *Comp. L.* § 4180.

(No authorities were cited as to the question of reference.)

CAMPBELL J.

Suit was brought upon a contract, whereby Warner and Catlin agreed to sell and deliver to Simeon Smith, the plaintiff, a considerable amount of goods, household and other furniture, stock and implements, which were all to be delivered at a future day named in the contract. Payment was to be made by Smith in sawing lumber, (which was to be taken by him at places specified, and sawed and piled upon the docks named,) and in lath and shingles. The declaration set forth as a breach the failure of the defendants to furnish certain specified articles included in the sale. It also contained the common counts.

The defendants pleaded the general issue, and gave notice of set-off. They also put in a further notice concerning which no question arises.

The case was referred to Thomas S. Blackmar as referee, before whom it was tried. Defendants were allowed, under objection, to introduce, by way of set-off, certain paper of Simeon Smith, purchased before suit was commenced and after its maturity, and certain other claims purchased on the day suit was commenced, but before service of declaration or notice of suit. All of these purchases were made before defendants had notice of the assignment of Smith's claim against them to Tennis and Dangler. It was shown that Smith had for years been notoriously insolvent, and that

defendants knew it, and purchased the claims expressly with a view of using them by way of set-off, in case they should be sued. The set-off was allowed, and exception taken on that ground.

After the referee had made his report, the Circuit Court, upon the application of defendants, sent it back to the referee, directing him to review the evidence concerning an allowance by him of certain lumber at a certain price named, and if found erroneous to correct the report. There was nothing in the original report showing any finding concerning the amount of lumber so referred to, nor any statement by the referee that he had included it in his estimates, which were all general, and arrived at gross results independent of specified items. The referee after this direction made an additional report, stating that he had reviewed the evidence on the point mentioned, and heard argument thereon, and now found that he had allowed $6.50 per thousand upon a part of the amount of lumber mentioned in the order, when it should have been allowed at $2.50 per thousand; and he reported thereupon that a corresponding deduction should be made.

This second reference and the proceedings under it were also objected to, and exceptions taken.

The first question of importance arises concerning the allowance of set-offs.

Our statutes, in allowing set-offs to be introduced, permit this only where the claim sued on would itself be a proper subject of set-off. It is claimed that the cause of action in this case could not have been set off. As it is not for any of the causes specifically described in the statute, the only inquiry is whether it conforms to the remaining provision, that "*the amount must be liquidated, or be capable of being ascertained by calculation.*"

The grievance specifically set forth in the declaration was the failure to deliver certain articles which defendants had agreed to sell and deliver. The damages for such a breach of contract can only be ascertained by satisfying a jury of

the amount of loss actually sustained. This must depend on the testimony of witnesses concerning their value, and upon the conclusion to which the jury may arrive as to what measure, among those which may be possibly sworn to, is the most reliable. A claim can never be said to be liquidated, until some specific amount, or some specific data from which such amount can be calculated by an ordinary mathematical process, shall have been arrived at in such a way as to measure the rights of the parties. This can never be the case before verdict, where the data for calculation depend on values to be established by witnesses.—(*Smith v. Eddy*, 1 *R. I.* 476; 1 *Ch. Pl.* 571, 572; *Bolinger v. Gordon*, 11 *Humph.* 61; *Diehl v. Gen. Mut. Ins. Co.* 1 *Sandf. Sup. C.* 257; *Foster v. Bell*, 2 *Miles*, 399; *Christian v. Miller*, 3 *Leigh*, 78; *Handley v. Dobson's Admr.* 7 *Ala.* 359; *Gordon v. Bowne*, 2 *Johns.* 150; *Hopkins v. Megquire*, 35 *Me.* 78; *Babcock v. Peck*, 4 *Denio*, 292; *Luckie v. Bushby*, 24 *L. & Eq.* 256.)

The set-off was not admissible, and it becomes unimportant to consider the other points discussed concerning it.

The next question to be considered is, whether the reference back to the referee, for the purpose of reconsidering a portion of the case, was proper. In order to determine this, it may be desirable to refer to the proceedings by which his report becomes perfected for filing. The statute requires him to find his conclusions of law and fact separately. — (*L.* 1861, *p.* 159 § 6.) Before the report is completed for filing, whenever exceptions have been taken by either party during the proceedings, both are to be notified of the time and place where the report is to be completed, and the referee is then and there to inform them of his conclusions, and time is then given for any one dissatisfied to prepare exceptions, and those exceptions are to be returned and filed by the referee with his report. § 8. Exception may also be taken after the report is filed, to any of its conclusions of law.

As exceptions were prepared and filed with the original report in this case, it must be presumed that all the steps

were regularly taken to prepare them, and the parties must have been informed in advance what conclusions of fact and law the referee had arrived at. It is not shown or claimed that the referee made any error in computation, but the case was sent back to him to review the testimony, and make up his mind over again, concerning a part of the case upon which he had already come to a certain conclusion. If the defendants were dissatisfied with his views, they had an opportunity upon the several arguments before him to present their views, and to except to any conclusion they deemed unfounded. They took no exception whatever, but allowed the report to be prepared and filed, and then made an application to require him to reconsider his own conclusions of fact, upon a single point not referred to at all separately in his report, but included in its result.

The power of the Court to refer the case back to a referee is only given by the statute where exceptions have been taken, and is to be exercised upon hearing such exceptions. This reference back, for any further argument before an exercise of discretion by the referee, is evidently for the purpose of a new trial, and takes back the entire case. It is made by reason of some error which has been properly complained of. It would be a very dangerous thing to allow a. case to go back piecemeal, and to allow parties an opportunity of re-argument upon separate matters already considered, where no new evidence has been produced to change the face of the cause. A verdict once given in on the facts, which is legal and complete in itself, can never be properly sent back for re-argument before the jury on one or all of the issues; and it is difficult to perceive any good reason for permitting parties, where no error of law has been passed upon, to try experiments before a referee, who has had all the benefit of their proofs and arguments already. The statute plainly gives no such power, but declares explicitly when a report may be sent back, and what shall˙ be the effect of a

report not excepted to, or when the exceptions have been disposed of.

If there is new testimony discovered, or for any other such reason as would render a new trial on extrinsic grounds proper, the Court may perhaps use its general power to grant new trials, in cases which have been referred, as well as in other cases. But if this may be done, (which we do not now determine,) it can hardly be done by permitting a re-trial of any thing less than the entire controversy. And, if the referee in engrossing his report, or in making up his computation, should make a clerical error, or one which may be corrected from the report itself, we are not disposed to say that at his request and representation the Court may not be authorized to restore it to him for correction. But the present is not such a case, and we therefore express no opinion upon the matter. Neither is it necessary in the present case to consider how far the Court may go in requiring a referee to make fuller statements of fact, where he has not embodied in his report a complete recital.

We think the report as now filed was unauthorized, and that there was also error in allowing the set-off. But as the first report was substantially set aside, and as it was erroneous also as against plaintiff, we cannot make it a basis of judgment. The judgment below must be reversed, with costs, and the case must be remanded for a new trial.

As the order of reference was made by stipulation to a referee named, there is no power to appoint a new one without consent. The practice in New York would seem to be, under such circumstances, not to refer back to the same referee, if objected to, but to rescind the reference.—(*Sharp v. New York*, 31 *Barb.* 578; *Schermerhorn v. Van Allen*, 13 *How. Pr. R.* 82.) But as it belongs to the Circuit Court to direct the course to be taken in the first instance, we cannot now give any directions upon the subject beyond reversing the judgment and ordering a new trial, and we do not desire to be understood as determining how far that practice should

bind us. The point was not very fully presented and may be examined more thoroughly in the Court below.

Judgment must be set aside, with costs, and a new trial ordered.

COOLEY and CHRISTIANCY JJ. concurred.

MARTIN CH. J. did not sit in this case.