Burwell *v.* Knight.

New trial granted.

[ERIE GENERAL TERM, May 4, 1868. *Daniels, Marvin* and *Davis,* Justices.]

CHARLES BURWELL *vs.* ORSON L. KNIGHT and others.

When a case is tried, and a claim is submitted to the jury or the court, it cannot in another action be litigated. Though the pleadings may present the claim, yet if no testimony is given in support of it, and it is not submitted to the court or jury, it will not be barred, unless it is a claim which the party is bound to present and litigate in that suit, as, in some cases, a set off, in a justice's court.

Whether the claim was litigated and submitted is a question which may be proved upon the trial of the second action. If the claim is embraced by the pleadings, specifically, the presumption is that it was submitted and passed upon. But the party alleging the contrary may prove that the claim was not litigated, and not submitted, but that the trial and verdict proceeded upon other grounds.

If the record shows that the claim was not tried and submitted, no other proof is necessary.

Where it appeared from the record put in evidence on the trial that, in a former action between the same parties, the plaintiff in the second action pleaded, by way of defense, the same matter set forth as the ground of the second action, (which matter was proper as a defense,) and that the defendant in that action did not appear upon the trial, and judgment was given upon the testimony of the plaintiff alone; *Held,* that the judgment in the former action did not constitute a bar to the second.

APPEAL from a judgment of the Chautauqua county court, reversing a judgment of a justice of the peace. The present defendant sued the present plaintiff, in a

justice's court, to recover $45, the unpaid portion of the price of a horse sold by Knight to Burwell. The defend-ant in that action, among other answers, set up as a de-fense a breach of warranty of soundness of the horse, made by Knight upon the sale. The trial was adjourned, and on the trial Burwell, the defendant, did not appear. Knight was sworn as a witness in his own behalf, and the cause was submitted to the justice. Some two or three hours after this, the counsel of the defendant appeared and formally withdrew the answer of the defendant, and requested the justice to note it on his docket. A few days thereafter the justice rendered judgment for the plaintiff. The present action is upon the warranty, and the plaintiff had judgment, which the county court, on appeal, reversed. There are some other questions, which are sufficiently stated in the opinion.

*Julius A. Parsons*, for the plaintiff.

*J. G. Ricard*, for the defendant.

*By the Court*, MARVIN, J. Was the judgment in the action of *Knight* v. *Burwell* a bar to the present action, it appearing from the record put in evidence on that trial that the present plaintiff pleaded, by way of defense, the same matter now used to constitute his present action, and which matter was proper as a defense; and it also appearing from the same record—the justice's docket—that the defendant in that action did not appear upon the trial, and judgment was given upon the testimony of the plaintiff alone. The judgment in that case did not con-stitute a bar to the present action. The record in that case, put in evidence in this case, proves affirmatively that no evidence was given by the defendant therein in sup-port of his answer setting up the defense of warranty. The defendant did not appear on the trial. The action

was undefended. The only witness examined was the plaintiff; and it is not to be presumed that he gave any testimony touching the defense. The defense, therefore, was never submitted to the justice. A withdrawal of the answer by the defendant's counsel was quite unnecessary. In *Curtis* v. *Groat,* (6 *John.* 168,) evidence of the claim was given in the first action, and it was submitted to the jury. (*See also Felter* v. *Mulliner,* 2 *John.* 181; *Young* v. *Overacker, Id.* 191.)

In *Brockway* v. *Kinney,* (2 *John.* 210,) the first action was upon a note and an account, and evidence was given upon the claim, and a verdict was rendered for the amount of the note only. The second action was upon the account, and the plaintiff proved, by one of the jury that in the first action nothing was allowed for the *lime.* The plaintiff recovered, and the judgment was reversed upon the ground that the first judgment was a bar; the court remarking that the claim went to the jury on the first trial, and took its chance with them. If they did not allow it for want of sufficient proof, or for any other cause, it was the plaintiff's misfortune. In *Irwin* v. *Knox,* (10 *John.* 365,) the item had been submitted to the jury, in the first suit, and was rejected for want of sufficient proof. The judgment was a bar. In *Babcock* v. *Peck,* 4 *Denio,* 292,) the question was decided upon demurrer. The defendant pleaded that the plaintiff, in a former suit, had set off the demand and the cause was tried, &c. The plaintiff replied, denying that the alleged cause of action was *heard and determined* in the former case, as alleged by the plea. The court held the replication a good answer to the plea.

It can hardly be necessary to pursue this question further. The authorities are, that when the case is tried and the claim is submitted to the jury or the court, it cannot, in another action, be litigated. The pleadings may present the claim, but if no testimony is given in support of it, and it is not submitted to the court or jury, it will not

be barred, unless it is a claim which the party is bound to present and litigate in that suit; as, in some cases, a set off in a justice's court. And whether the claim was litigated and submitted is a question which may be proved upon the trial of the second action. If the claim is embraced by the pleadings specifically, the presumption is that it was tried, and that it was submitted and passed upon. But the party alleging the contrary may prove that the claim was not litigated, and not submitted, but that the trial and verdict proceeded upon other grounds. If the record, as in this case, shows that the claim was not tried and submitted, no other proof is necessary. (See the opinion of brother DAVIS, in *Royce* v. *Burt,* 42 *Barb.* 663, *et seq. and the cases there cited ; Wood* v. *Jackson,* 8 *Wend.* 9; *Lawrence* v. *Hunt,* 10 *id.* 80.)

The defendant's counsel made some objections, upon the trial, to the admission of evidence, and has by his points renewed some of these objections here. I have examined them, and am not satisfied that any of them are well founded.

The judgment of the county court must be reversed, and that of the justice affirmed.

[ERIE GENERAL TERM, May 4, 1868. *Daniels, Marvin* and *Davis,* Justices.]