## STOWELL v. CHAMBERLAIN *et. al.*

*Former adjudication — what is not — Demurrer — effect of judgment on.*

The subject-matter of a former suit related to the liability of the defendants to return certain bonds which they had borrowed of the plaintiff; while the subject-matter of a subsequent action was their liability to pay the plaintiff the proceeds of the bonds, arising from a sale thereof with the plaintiff's assent. *Held*, that the claims were essentially different; and that a judgment in the former action, in favor of the defendants, on demurrer, was not an estoppel in the second.

A judgment upon demurrer, which decides nothing in respect to the merits of the controversy between the parties, but merely that the complaint sets forth no cause of action, and that the plaintiff shall pay costs, is not a bar to a subsequent action wherein the complaint sets forth a good cause of action.

EXCEPTIONS ordered to be heard in the first instance, at general term, after a verdict in favor of plaintiff. The action was brought by Luther Stowell against Calvin T. Chamberlain and Frank L. Stowell, to recover the amount of proceeds arising from the sale of certain bonds by defendants.

The defendants were partners, doing a banking business at Olean, and borrowed of plaintiff a number of government bonds, which they undertook to return or replace, on demand. The firm used the bonds by pledging them as collateral to a loan of money, and not repaying the loan when they should have done so, the bonds were regularly sold by the pledgee, and the proceeds applied in liquidation of the debt. The proceeds of the loan were employed in the business of the firm, and the firm has never repaid the plaintiff, either in kind or value, except that. payments of interest have been made to some extent.

A prior action was commenced by the plaintiff on the 13th of September, 1872, against the same defendants, to recover the value of the same bonds. The defendants therein demurred to the complaint for insufficiency. The court sustained the demurrer, and ordered judgment for the defendants, with leave, however, to the plaintiff to amend his complaint upon payment of costs, in twenty days. The plaintiff having failed to amend, judgment was entered in favor of the defendants, dismissing the complaint on the merits. All these proceedings .occurred previous to the commencement of the present action.

In the present action, the plaintiff alleged in his complaint the delivery by him to the defendants on the 1st of May, 1868, of certain 5-20 United States bonds, with coupons attached thereto; that the defendants, as the agents of the plaintiff, sold and transferred the same to divers persons, receiving therefor the sum of $5,791.12, for and on account of the plaintiff; which sum they promised to pay. Failure to pay, and demand were alleged.

In a second count, the plaintiff alleged that on the 1st of May, 1868, he deposited with and delivered to the defendants, at their request and for their accommodation, thirteen United States bonds of the issue of 1867, then owned and possessed by the plaintiff, with the coupons attached; which were worth and of the value of $6,000; that the defendants subsequently sold and transferred such bonds to divers persons and received $6,000 therefor; that the defendants agreed to pay for such bonds. Demand and refusal of payment were alleged, and judgment for $6,000 and interest asked.

The defendant Chamberlain, in his answer, set up the former suit as a bar to the present; alleging that in such former suit the complaint set forth and claimed a recovery upon the same identical cause of action mentioned and set forth in the complaint in this action; and that judgment was duly rendered and made, and entered with the clerk, in favor of the defendants and against the plaintiff; in and by which it was, in substance and effect, determined and adjudged that the plaintiff was not entitled to recover against the defendants, and that the complaint should be, and it thereby was, discontinued upon the merits; which judgment still stood and remained in full force and effect.

At the close of the evidence, on the trial of this action, the defendant Chamberlain requested the court to direct a verdict in his favor, on the ground that the judgment in the former action was a bar to the maintenance of this suit, or to a recovery by the plaintiff herein. The court denied the request, and refused the direction. The jury found a verdict in favor of the plaintiff for $6,408.54; and the court ordered the exceptions to be heard, in the first instance, at a general term, and that the entry of judgment be in the meantime suspended.

*S. S. Spring,* for plaintiff.

*D. H. Bolles,* for defendant.

GILBERT, J. The subject-matter of the first action related to the liability of the defendants to return the same bonds which they had borrowed of the plaintiff. That in the present action involves their liability to pay the plaintiff the proceeds of the bonds which arose upon a sale thereof with the plaintiff's assent. The claims are essentially different. The judgment in the former action was not an estoppel. A judgment, upon demurrer by the defendant, is conclusive only as to the questions upon which the right of the plaintiff to recover is found to depend, and upon the determination of which, as shown by the record, the judgment was in reality founded. In *Dutchess of Kingston's case*, 1 Leach's C. C. 146, a judgment was said not to be " *evidence* of any matter to be inferred by argument from the judgment." The authority of this rule is universally recognized. It is very true that it can make no difference, in principle, how the facts upon which the former adjudication rests were proved, whether by the admission which the law implies from a demurrer, or by the testimony of witnesses. But however proved, they must, in order to have the effect of an estoppel, establish the same right or defense which is in controversy in the second action. 2 Smith's Lead. Cas. note to *Dutchess of Kingston's case; Burnell* v. *Knight*, 51 Barb. 267; *Goodale* v. *Tuttle*, 29 N. Y. 459. The court decided nothing in the former action with regard to the merits of the controversy between these parties. All that was decided was that the complaint set forth no cause of action of any kind, and that the plaintiff should pay the defendant costs. The complaint in the present action does set forth a good cause of action. It does not, therefore, stand to reason that the former action can be a bar, and so are the authorities. In Viner's Abridgment (q᷊ 4), it is stated that it was said by WORTH, Ch. J., that if a man mistakes his declaration, and the defendant demurs, there is no question but that the plaintiff may set it right in a second action, and that if plaintiff demur to the plea in bar, then by his demurrer he confesses the fact, *if well pleaded*, and this estops him as much as a verdict would; but if the plea were not good, then there is no estoppel, and the court *must take notice* of the defendant's plea, for upon the matter as that falls out to be good or not the second action will be maintainable or not; to which all the justices agreed. *Lampen* v. *Kedgervin*, 1 Mod. 207. CHITTY says: "If the plaintiff, by mistake, bring trespass instead of trover, and judgment be given against him on that account, the defendant cannot plead it in bar

Stowell v. Chamberlain.

to an action of trover brought afterward against him; and if the plaintiff mistake his cause of action and the defendant demur, the plaintiff certainly is not precluded from commencing a fresh action, and may reply to a plea in bar of the judgment on demurrer that the same was not obtained on the merits." 1 Chit. Pl. 227. In *Gilman* v. *Rives*, 10 Pet. 301, the supreme court of the United States held, that "a judgment that a declaration is bad in substance can never be pleaded as a bar to a good declaration for the same cause of action;" and the reason given is, that "the judgment is in no just sense a judgment upon the merits." The same doctrine was held by the supreme court of Massachusetts, in *Wilbur* v. *Gilmore*, 21 Pick. 253, and in the note of the American edition to 2 Smith's Leading Cases (6th Am. ed.), 808. Many of the authorities on this subject are collected, and as the result of them, it is stated that "it is well settled that the estoppel of an adjudication, made on grounds purely technical, and under such circumstances that the merits could not come in question, will be limited to the point actually decided, and will, therefore, not be a bar to a subsequent action, brought in a way to avoid the objection which proved fatal in the first. See, also, 1 Greenl. Ev., § 530. We have looked into the cases cited on behalf of the appellant, but have found nothing in them in conflict with these authorities. In each of them, judgments were given in the former action on the merits. In *Bouchau* v. *Dias*, 3 Den. 238, the defendant pleaded a release, and the case turned on the legal effect of it. So in *Vanlandingham* v. *Ryan*, 17 Ill. 25; *Perkins* v. *Moore*, 16 Ala. 17, and *Robinson* v. *Howard*, 5 Cal. 428, the pleading demurred to presented all the facts on which the rights of the parties depended. That is not the case here.

The judgment must be affirmed, with costs.

*Judgment affirmed.*