Glade v. Schmidt.

## Louisa S. Glade
### v.
## Kasper G. Schmidt.

1. DEED POLL—ACCEPTANCE BY GRANTEE—WHEN ASSUMPSIT WILL LIE.—Where a grantee accepts a deed poll, reserving certain duties expressly to be performed by such grantee, assumpsit will lie for the non-performance of them.

2. DECREE IN CHANCERY, CONCLUSIVE UPON WHAT.—A final decree upon a bill in equity is conclusive upon all the parties in respect to all matters of claim and defense determined by it, and as to all incidental matters which the parties were bound to litigate and bring to decision. Neglect to present a claim which might have been litigated in a bill in equity until after final decree, will generally be regarded as a waiver of the claim.

3. DECREE—WHEN A BAR.—In order to be a bar to a new suit, the decree must not only be substantially between the same parties and for the same subject-matter, but it must also be in its nature final, or afterward made so by order of the court. As the liability on the part of the defendant to pay the indebtedness of the firm in question had its origin entirely after the bill in chancery suit was filed, and arose from a new contract between the parties to this suit, the decree in the chancery suit is not a bar.

APPEAL from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding. Opinion filed June 25, 1884.

This was assumpsit upon a special case, set out in the declaration, and brought by Louisa S. Glade, as the executrix of the will of her husband, Herman O. Glade, deceased, against Kasper G. Schmidt, who had been in partnership with said Glade in the business of manufacturing and selling lager beer at Chicago, for several years prior, and up to, the time of the death of Glade, to recover the sum of $1,881.93, which was owing by said firm of Schmidt & Glade to the latter at the time of his death, and which it was claimed the said Schmidt had, upon a new and sufficient consideration, assumed and agreed to pay, so that assumpsit would lie. The plea, the

general issue, with stipulation to admit thereunder any special defense. The case was tried by the court without a jury, and it was shown in evidence that prior to February 12, 1882, the said firm of Schmidt & Glade existed as aforesaid; that being so in existence on that day, Glade died testate, in Chicago. His will was afterward admitted to probate, and letters testamentary issued to the plaintiff, his widow; that by such will all of the testator's estate, of every description, was devised and bequeathed to plaintiff; that, June 30, 1882, the plaintiff, as such executrix, brought her bill in chancery, in the Circuit Court of Cook county, against Schmidt and others, to wind up the affairs of said partnership; to collect and sell the partnership assets; to pay the debts of the firm, and make distribution of the surplus between complainant and Schmidt, as their respective rights might appear. While that suit was pending, the plaintiff and Schmidt entered into an agreement which was to be filed in that case and be a substitute for pleadings and evidence, and be the basis of the decree in said cause. This agreement provided, among other things, that such decree should direct the sale of the brewery business, good will, and all the real and personal property of such firm to Schmidt, except doubtful accounts, subject to all outstanding obligations and liabilities of said firm and all liens upon said premises; that the amount Schmidt was to pay therefor should be ascertained by arbitrators chosen as therein provided; that Schmidt should pay plaintiff one half of the amount so ascertained, after deducting all the liabilities of said firm; that the individual accounts of Schmidt & Glade, respectively, should be ascertained from the books, and the amounts due by or from them, respectively, should be treated as the accounts of strangers. The agreement prescribed the form of the report of the arbitrators, thus:

" We, the undersigned, arbitrators, hereby appraise and find the entire value of the brewery business, real and personal property and assets of the late firm of Schmidt & Glade, on ———, 1882, inclusive of the good will of said business, in the hands of Kasper G. Schmidt, as the purchaser thereof, at the sum of ——— dollars, after deducting the liabilities of said firm, and also deducting the compensation of said

Glade v. Schmidt.

Schmidt for his services as manager and receiver as afore-said." (Rec.)

It also contained the following: "Thirteenth. Upon the filing of said report of the said arbitrators in this cause, the said court shall enter a decree for the sale of said property, real, personal and mixed, and of all things pertaining to said brewery as aforesaid, to said Kasper G. Schmidt, for the sum so reported by the said arbitrators, subject, however, to the payment of all the liabilities of said firm of Schmidt & Glade."

The arbitrators having filed their report, a decree was entered upon the above agreement, and in pursuance thereof, directing a sale of the property, etc., to Schmidt, for an amount, and to be paid as specified therein, and that upon the same being paid to her, the said Louisa S. Glade, as such executrix, etc., make and deliver to said Schmidt a deed of conveyance of the real estate aforesaid, and a bill of sale of all the personal property aforesaid. "That said deed and bill of sale so to be executed and delivered by said complainant, shall be made subject to the liens and incumbrances as afore-said, and it shall also be provided therein that he, the said Kasper G. Schmidt, shall assume and agree to pay all of the mortgages, trust deeds, liens and incumbrances upon said premises and property, *and all the liabilities of the late firm of Schmidt & Glade*, and of the said Kasper G. Schmidt, surviving partner of said late firm, and as receiver." It appeared that both parties not only agreed to this decree, but that both acted under it. After the decree and in pursuance thereof, the said Louisa S. Glade, as executrix, etc., executed to Schmidt, and he accepted, the deed of conveyance, also the bill of sale, each containing the provision that he, Schmidt, assumed and agreed to pay all the liabilities of the late firm of Schmidt & Glade. Both instruments were signed and sealed by the said Louisa S. Glade, but neither of them by Schmidt.

It was stipulated upon the trial of this present action at law, that, at the time of his death, the books of the firm showed a balance in favor of said Herman O. Glade, deceased, due from said firm, amounting to $1,881.93. The court was asked by plaintiff's counsel to hold the following propositions as the law of the case:

"1st. If, by the stipulation between the parties in the case of Louisa S. Glade against Kasper G. Schmidt and others, in the Circuit Court of Cook county, the defendant in this cause assumed and agreed to pay all the liabilities of the firm of Schmidt & Glade, and if by the same stipulation the amount due to either partner by the firm of Schmidt & Glade was to be considered and treated as the accounts of strangers, and if said stipulation was carried into effect and an appraisement made by the arbitrators in pursuance thereof, and a deed or bill of sale made to said Schmidt by said Louisa S. Glade, in which said Schmidt agreed to pay all the liabilities of said firm, then the amount admitted herein to be due H. O. Glade in his lifetime from said firm, became thereby a legal liability from said defendant to said plaintiff, and plaintiff is entitled to sue for and recover the same in this action."

Upon which proposition the court made the following indorsement:

"Refused: Chiefly because the whole matter should have been adjusted by the chancellor in the chancery cause."

The other proposition is as follows:

"2d. Although the court in chancery where said bill was filed by said Louisa S. Glade against K. G. Schmidt et al., for an accounting, etc., may have had the right to proceed and enforce the collection of the amount due said plaintiff on account of any balance due the said H. O. Glade, prior to his decease, from the firm of Schmidt & Glade, yet if there was anything due the said H. O. Glade prior to his death, from the said firm of Schmidt & Glade, which said Schmidt has assumed and agreed to pay the plaintiff since the filing of said bill for an account, she still has the right to resort to this court and enforce the same liability as a legal liability due her," which was marked "refused" by the court.

The court found the issues for the defendant and gave judgment accordingly. The plaintiff brings the case here by appeal.

Messrs. ROSENTHAL & PENCE, for appellant; that the amount admitted to be due Glade at the time of his decease is a liability of the firm, cited Jones v. Bliss, 45 Ill. 144; Wiggins v. Cummings, 8 Allen, 353.

Glade v. Schmidt.

By agreement between the parties, the debt has become a legal liability: Hobart v. Howard, 9 Mass. 303; Wiggins v. Cummings, 8 Allen, 353; Parsons on Partnership, 282.

Mr. WILLIAM VOCKE, for appellee; as to *res adjudicata*, cited Camp v. Morgan, 21 Ill. 255; Casselberry v. Forquer, 27 Ill. 172; Lucas v. LeCompte, 42 Ill. 305; Hanna v. Read, 102 Ill. 596; Rugger v. I. & St. L. R. R. Co., 103 Ill. 449; McCullough v. Clark, 41 Cal. 298; Whitney v. Stevens, 97 Ill. 487; Pool v. Docker, 92 Ill. 509; Lloyd v. Lee, 45 Ill. 277; Bancroft v. Winspear, 44 Barb. 209; Goodrich v. Yale, 8 Allen, 454; Trask v. H. & N. H. R. R. Co., 2 Allen, 331; Hites v. Irving's Adm'r, 3 Ohio, 288; Simes v. Zane, 24 Penn. 243; Rockwell v. Langley, 19 Penn. 508.

McALLISTER, P. J. 'We are of opinion that the evidence, on the trial, established a cause of action in assumpsit in favor of the plaintiff, to which no legal defense was shown.

It appeared from an express admission by counsel on the trial, that the firm of Schmidt & Glade was indebted o thet latter, at the time of his death, in the sum of one thousand eight hundred eighty-one dollars and ninety-three cents. Then by the deed and the bill of sale, executed by the plaintiff and delivered to and accepted by the defendant, there was reserved the duty, on the part of the defendant, of paying all the liabilities of said firm, and of him, said Schmidt, as surviving partner. The defendant, Schmidt, not having signed or sealed either of said instruments, covenant could not be maintained against him upon either. But it is well settled, that where a grantee accepts a deed poll, reserving certain duties expressly to be performed by such grantee, assumpsit will lie for the non-performance of them. Gale v. Nixon, 6 Cowen, 445; Goodwin v. Gilbert, 9 Mass. 510; Hurst v. Rodney, 1 Wash. 375; Guild v. Leonard,' 18 Pick. 511; Nugent v. Riley, 1 Metc. (Mass.) 117; Newell v. Hill, 2 Id. 180.

We are also of opinion that the decree of the circuit court in the chancery suit, between the parties, constituted no bar to a recovery in this action of assumpsit for the non-performance of the duty arising upon the reservation contained in said deed and bill of sale respectively, for the reasons, (1) that

such duty was created by an instrument made after the decree; (2) it was purely a legal duty, and not cognizable by a court of equity. In fact, the liability on the part of the defendant to pay the indebtedness of the firm of Schmidt & Glade, in question, had its origin entirely after the bill in the chancery suit was filed, and arose from new contractual relations between the parties to this suit. It is the rule that a final decree upon a bill in equity is conclusive upon all the parties in respect to all matters of claim and defense determined by it, and as to all incidental matters which the parties were bound to litigate and bring to decision. Neglect to present a claim, which might have been litigated in a bill in equity, until after final decree, will generally be regarded as a waiver of the claim. Ashnelot Railroad Co. v. Cheshire R. R. Co., 59 New Hamp., and authorities cited; Cromwell v. County of Sac, 94 U. S. 351; Case v. Beauregard, 101 U. S. 688; Clemens v. Clemens, 37 N. Y. 59. But to come within this rule, the matter claimed to be barred must be such that the party was bound to present it. Malony v. Horan, 49 N. Y. 115; Barwell v. Knight, 51 Barb. 267.

Now, if the decree in the chancery suit was a final decree, the deed poll from plaintiff to defendant and accepted by him, which contained the reservation upon which the duty on the part of defendant arose, for the non-performance of which this action of assumpsit was brought, was not made until after such final decree, and the duty was a legal one. The plaintiff was not, therefore, bound to present the claim in the chancery suit. But the decree was not final as to the matter in question and several other matters. In order to be a bar to a new suit, the decree must not only be substantially between the same parties, and for the same subject-matter, but it must also be in its nature final, or afterward made so by order of the court; for otherwise it will not be a bar. Therefore, a decree for an account of the principal and interest due on a mortgage, and for a foreclosure in case of non-payment, can not be pleaded to a bill to redeem, unless there is a final order of foreclosure. Story's Eq. Pl. § 791.

The instrument creating the legal duty having been made after the decree, and not having been brought before the court

of chancery, if it had been cognizable there, or in any manner passed upon, it is inconceivable how such decree could be a bar.

The judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.