Doty *v.* Brown.

Doty *vs.* Brown.　　[71]

The judgment of a court of competent jurisdiction upon a question directly involved in the suit, is conclusive in a second suit between the same parties, depending on the same question, although the subject matter of the second action be different.

Thus, where A. took from B. a bill of sale of certain personal property, and C. afterwards levied upon the property by virtue of attachments in favor of B.'s creditors, and A. subsequently took and converted to his own use a *part of the property*, for which C. sued him and recovered judgment in a justice's court on the ground that the bill of sale was fraudulent and void as to the creditors; *held*, that the judgment was conclusive upon the question of fraud, in an action of replevin afterwards brought by A. against C. in the supreme court, to recover *the residue of the property.*

*Held further*, that parol evidence was admissible in the second suit for the purpose of showing what questions were controverted in the first action, and the grounds upon which it was determined.

In the first suit the declaration went for *all the property ;* but it appearing on the trial that the defendant had converted only certain specified articles, the plaintiff withdrew his claim as to the residue, and recovered judgment only for the value of the articles converted. *Held*, that this was not splitting up a single cause of action, and therefore that the plaintiff in that suit might, in a second action brought against him for the residue of the property, insist upon his title thereto under the levy.

A party sued for acts done by him as a public officer, may under the statute (2 *R. S.* 353, §§ 28, 29,) insist upon a former adjudication as conclusive without pleading it.

Doty brought replevin against Brown in the supreme court, for a quantity of hay, oats, and other personal property. The case was this: On the 13th of October, 1843, one Sisson transferred to the plaintiff a lease for a farm in Oxford, Chenango county, together with the personal property situated thereon. On the 21st day of the same month, the defendant, a constable, seized the property by virtue of attachments against Sisson. He did not remove the property so attached, but suffered it to remain on the farm. Before the 12th of December, 1843, the plaintiff, claiming under the transfer of Sisson, actually converted to his own use *some portion* of the property attached, and for that cause the defendant on that day sued him in a justice's court, stating in his declaration that the plaintiff had convert- [72] ed and used *all the property.* On the trial, however, it appearing

in the evidence that Doty had only converted certain articles, but had not meddled with the residue of the property, the defendant stated to the justice that he only claimed to recover the value of those articles, and he withdrew any other claim contained in his declaration. The defendant recovered in that suit $25 damages, *the justice adjudging that the bill of sale under which Doty claimed was fraudulent and void as to creditors.*

In the attachment suits against Sisson, judgments were recovered against him and execution issued to the defendant as constable, who levied them upon the property in question in this suit, being the same property previously attached, and included in the bill of sale from Sisson to the plaintiff. The plaintiff thereupon brought this action to reclaim the property, and the question on the trial was whether the judgment of the justice in the suit before him, determining that the sale to the plaintiff was fraudulent and void, was a bar to the suit. The justice was called as a witness, and gave parol evidence of the ground on which he had rendered the judgment. The defendant prevailed at the circuit and in the supreme court, on the ground that the former judgment was a bar. The plaintiff appealed to this court.

*D. Gray,* for appellant.

*R. Balcom,* for respondent.

RUGGLES, J. The title of the plaintiff Doty to the property replevied by him from Brown, depends entirely on the validity of the bill of sale executed to him by Sisson, bearing date on the 13th of October, 1843. If that was fraudulent as against the creditors of Sisson, who had obtained judgments against him and put executions into the hands of the constable, Brown, the plaintiff Doty must necessarily fail in his replevin suit.

The question of fraud was tried between these same parties in the former suit before Justice Tracy, and there determined [73] against the validity of the bill of sale. The goods in question are not the same that were in question in that suit. But

Doty *v.* Brown.

the goods in controversy there were part, and the goods now in litigation are the residue, of what Brown seized as constable under one and the same levy. Doty claimed all the goods in that suit and in this, under his bill of sale from Sisson ; and Brown claims them all by virtue of one and the same levy under the same executions. The question, therefore, so far as relates to Doty's title, was identically the same in both suits. If the bill of sale was fraudulent and void with respect to the goods claimed by him in the first suit, it must be fraudulent and void with respect to the goods in question here.

In the action before the justice brought by Brown against Doty, Brown declared for and at first claimed to recover, for all the goods levied on. This claim of course embraced the goods which are the subject of the present controversy. But discovering that Doty had done no act amounting to a conversion of the goods now in question, he withdrew his claim to recover for them ; and proceeded only for the value of goods which Doty had sold or otherwise converted. The former judgment stands therefore on the same footing as if the goods now in controversy had not been included in the declaration in the first suit.

The jurisdiction of the two courts was concurrent. If Brown had recovered $100 for the whole of the goods, his recovery would have been a perfect bar to a subsequent claim ; and an answer to the defence he now sets up.

The plaintiff Doty insists however that the former judgment, by which the bill of sale from Sisson to him was adjudged to be fraudulent, is not conclusive against him on that point in this suit, because the goods for which this suit is brought are not the same goods for which the former recovery was had, and that the two suits not being for the same subject matter, the whole question as to the title to the goods now in controversy is open and unaffected by the former decision. But the settled principle of law appears to be that the same point or question, when once litigated and settled by a verdict and judgment there- [74] on, shall not again be contested in any subsequent controversy between the same parties depending on that point or question.

VOL. IV. 10

This was so adjudged in the case of *Gardner* v. *Buckbee*, (3 *Cowen*, 120.) It was an action in the New-York common pleas on one of two notes given on the purchase of a schooner. The same plaintiff had previously brought an action in the marine court of that city, on the other note given upon the same purchase, to which the defendant set up as a defence, that the schooner was rotten and unseaworthy and the sale fraudulent. The defendant prevailed in his defence on that point in the marine court, and had judgment. In the subsequent suit in the common pleas, upon the other note, the defendant gave in evidence the record of judgment in his favor in the marine court, in the suit in which the sale was adjudged to be fraudulent, and insisted upon it as a bar. The common pleas decided that it was not a bar, and the plaintiff had a verdict; but the judgment of the common pleas was reversed in the supreme court, and the former judgment on the same point, in the action on the first note, was held to be a bar to a recovery on the second note given upon the same purchase.

The case of *Outram* v. *Morewood*, (3 *East*, 346,) is substantially to the same effect. This was trespass for breaking and entering into a coal mine and taking coals. The defendant pleaded title to the coal mine, and that the vein of coal in which the trespass was supposed to be committed was part and parcel of the mine, and included within the conveyance under which he derived his title. The plaintiff replied that the defendant ought to be estopped from averring that the place in question was included within his conveyances, because in 1792 (long before the supposed trespass) the plaintiff brought an action against the defendant for a former trespass in taking coals from the same place, to which the defendant pleaded the same title, and that the jury in the former case found that the place in question was not part and parcel of the land so conveyed to him. The defendant demurred to the replication, and judgment was rendered for the plaintiff. In that case, although [75] the last action was for a different trespass, committed long after that for which the first suit was brought, yet, inasmuch as the defendant in the last suit relied on the same title set up in

the first, in which the question was decided against him, he was even precluded from setting up the same title a second time.

The case of *Bent* v. *Sternbergh*, (4 *Cowen*, 559,) is a further illustration of the same principle. This was an action of trespass for entering on the plaintiff's land and cutting timber. The defendant claimed the land as his own, and had cleared and fenced it. The plaintiff claimed the land as part of the *Schoharie* patent. The defendant claimed it as part of *Weyfield and Clifford's* patent. The plaintiff gave in evidence a record of judgment in the supreme court, in which he was plaintiff and Sternbergh defendant, showing a verdict and recovery for a former and different trespass. He further proved by parol that the former trespass for which he had recovered was at the same spot of ground, and that the question on the former trial was whether the land lay within the *Schoharie* patent or within *Weyfield and Clifford's*. It was adjudged that the former determination of that question was conclusive between the parties, the plaintiff's right of recovery and the defendant's defence in the second action depending on the same question of title tried and determined in the first.

In each of these cases the cause of action in the second suit was different from the cause of action in the first: but the former determinations were held to be conclusive, because the same question was determined in the first suit, on which the second depended. The same principle is decided in the case of *Bochaud* v. *Dias*, (3 *Denio*, 238.) But it is unnecessary to refer to further authorities.

Parol proof was properly admitted to show what was actually in controversy between the parties before Justice Tracy, and the grounds on which his judgment was rendered. (8 *Wendell,* 9. 2 *Hill,* 478. 3 *Cowen,* 120. 3 *Denio,* 238. 4 *Barb. Sup. C. Rep.* 457. 4 *Cowen,* 559.)

It was unnecessary that the former judgment should be specially pleaded. The defendant was a public officer, and under the general issue was entitled to make any defence which [76] could have been specially pleaded. (2 *R. S.* 353, §§ 28, 29.)

The counsel for Doty insists, however, that the recovery by

Brown, in the suit before the justice, for a part of the property levied on, is a bar to any claim on his part to the residue included in the same levy. This point rests on the supposition that by withdrawing his claim to recover for that part of the property now in controversy, he divided a single cause of action. But that is untrue in point of fact. Brown was not entitled in that suit to recover for the goods which Doty had not converted to his own use; and the goods replevied in this suit had not then been so converted. There was therefore no division or splitting of his cause of action. Even if he had not withdrawn his claim for the goods now in question, but as to those goods had failed to recover on the ground that Doty had not been guilty of converting them, his right to them would not have been affected by the judgment, provided the ground of his failure in the first suit was distinctly made to appear. He might have recovered for those goods in a subsequent action of trover, on proof of a conversion subsequent to the commencement of his first suit.

The judgment of the supreme court should be affirmed, and the respondent is entitled to the costs of the appeal.

Ordered accordingly.