By the Court.— Monell, Ch. J.
The sheriff’s deed to Mrs. Watson, executed and delivered under the foreclosure judgment of the Burke mortgage, vested her with legal title to the premises. Any equity existing in Mrs. Lotta, arising from her having advanced the money to purchase the judgment, did not, of itself, divest the legal estate from Mrs. Watson (1 B. S. 728, §§ 51, 52), and her subsequent conveyance to Yates, Porterfield & Wells, although intended as a mortgage, vested them with the legal title,' subject only to a defeasance upon establishing the nature of the conveyance.
It is conceded that the conveyance was as a security for a loan. Thus, in effect, the grantees became mortgagees, and the equity of redemption remained in Mrs. Watson, the grantor.
*458 It is possible that Mrs. Lotta, being in possession and claiming to own the property, having paid the loan, had an equitable right to be subrogated to the rights and interests of the mortgagees, and could, irrespective of her claim under the alleged trust existing between herself and Mrs. Watson, have insisted upon payment of the sum by Mrs. Watson ; or could have acquired the rights of the mortagees, as the equitable assignee of the mortgage, and compelled its payment by action of foreclosure.
So again, at any time during the life and -even after the decease of Mrs. Watson, the equity arising under the alleged trust could have been enforced, and the legal estate of Mrs. Watson divested in favor of Mrs. Lotta, who thereupon could have redeemed the premises from the mortgage to Yates Porterfield & Wells.
But at the decease of Mrs. Watson the legal title was still in Yates Porterfield & Wells with the equitable title still in Mrs. Watson. The only right or interest in Mrs. Lotta, was under an unasserted and unrecognized implied, or equitable, trust, or else under some possible right acquired by payment of the loan.
Down, therefore, to the commencement of the present plaintiff’s action in the supreme court, the rights and interest of the several parties were unchanged. Mrs. Watson died, and whatever rights she had passed to her mother and brother and sister, subject of course, if she was the owner, to the payment of her debts. Mrs. Lotta 'was and remained in possession, claiming as owner, until her decease, when all the rights she had passed to Mrs. Berrand, as her devisee.
The theory of the action in the supreme court, was, that Mrs. Watson had seizin in fee, which descended to her heirs-at-law. That theory negated any seizin or other right in Mrs. Lotta, or in Mrs. Berrand, under Mrs. Lotta’s will. The allegation in the complaint was to that effect, and the judgment so determined. Neither *459 Mrs. Lotta, during her life, nor Mrs. Berrand after Mrs.. Lotta’s death, asserted or attempted to assert, any of the equitable rights or interests which it was and is-claimed she possessed. But having been in uninterrupted possession of the premises for some ten or more years, they seem to have deemed it unnecessary to defend their possession against the attempt to obtain payment of Mrs. Watson’s debts out of their alleged inheritance.
The action in the supreme court was prosecuted under the Revised Statutes (2 R. S. 452, § 32), which' provides that the heirs of every person who shall have died intestate . . . shall respectively be liable forth e debts of such person ... to the extent of the estate, interest, and right in the real estate which shall' have descended to them, from . . such person ; and the question which prominently presents itself, is, whether the judgment in that action, and the title made under it, is not conclusive upon Mrs. Berrand, and those claiming under her.
Judgments of courts of competent jurisdiction are-conclusive, as to the parties and privies, as to the subject-matter adjudicated upon ; and such parties are estopped from afterwards litigating the same subject matter, in any form of action whatever.
So that if the seizin of Mrs. Watson, and the inheritance of the estate by Mrs. Berrand and her brother, as the heirs-at-law of Mrs. Watson, were adjudicated in that suit, all the parties are estopped from disputing-the conclusion in any other action.
Thus in Oatram v. Morewood (3 East R. 346), it was held, that if a verdict be found on any fact or title, distinctly put in issue in an action, such verdict may be pleaded by way of estoppel in another action, between the same parties or their privies, in respect to-the same fact or title.
It was necessary in the action to compel the pay *460 ment of Mrs. Watson’s debts, to establish her seizin of the property, or of some vendable or leviable interest in it. If she had no title or interest, it could not be subject to her debts. The statute provides (2 R. S. 453, § 36), that it shall be incumbent on the creditor seeking to charge any heirs, to show the facts and circumstances therein required to render them liable. And the heir is allowed to take issue upon those facts, and it is only upon its appearing that any lands or tenements have descended to the heir, that such lands can be held for the payment of debts, and to create a descent there must have been a seizin in the person from whom the lands descended.
The statute regulating proceedings against heirs or devisees (2 R. S. 454 § 54) provides that the judgment shall direct the debt to be levied of such real estate as shall appear to have descended, and not otherwise and gives it a preference, as a lien on the real estate descended, to any judgment or decree against the heir personally for any debt or demand in his own right.
This, therefore, seems to me to be a clear case of estoppel by record, shutting out the defense set up in the answer; and estopping Mrs. Berrand and her grantee from claiming title through or under Mrs. Lotta. As to that subject it was fully and directly litigated in the supreme court suit, where the only legitimate inquiry related to the seizin of Mrs. Watson.
Mrs. Berrand contested that question, and claimed title in herself under the will of Mrs. Lotta, setting up substantially the same facts, which she now claims constituted Mrs. Lotta’s equitable title to the premises. That issue was adjudged against her, and in this action the former adjudication must be regarded as res judicata.
One or two citations are sufficient for the principle. *461 In Doty v. Brown (4 N. Y. 71), the general proposition is stated to be that the judgment of a court of competent jurisdiction upon a question directly involved in the suit is conclusive in a second suit between the same parties, depending on the same question, although the subject-matter of the second action be different.
In Castle v. Noyes (14 Id. 329), the action involved the title to personal property. The action was to recover its possession. One Houghton was the common source of title. The plaintiff claimed under a chattel mortgage executed by Houghton, and the defendant under a judgment and execution against Houghton. The defendant attempted to impeach the mortgage, which was met by proof of a former recovery in a suit wherein the defendant was plaintiff, and one Burk was defendant, in which Burk was sued for taking a part of the mortgaged property. Burk took the property as the servant of the mortgagees, and justified under the mortgage. The tona Jides of the mortgage was directly involved and contested in that action, and was sustained by the judgment. The court held, that the judgment was conclusive against the defendant’s title in this action. The court say (p. 331) the issue upon his title is precisely the same in this suit as it was in the suit before the justice.
In this case the judgment establishing the lien upon the lands as the lands of Mrs. Watson, involving as it did, the whole question of her title, as well as the whole question of the defendant’s title, is an effectual estoppel against Mrs. Berrand, estopping her from now setting up any adverse title in herself, arising from the •same facts or circumstances which she had already set up in the former action, and which, in that action, had been determined against her.
In this view the plaintiff was entitled to recover. She had acquired a title under a judgment authorizing the sale of the property. The judgment was against *462 those now claiming adversely to it, and they are es-topped by it.
As the exception to the direction of the learned justice must be sustained, it is not necessary further to inquire whether, independently of the point decided,, the defendants had shown any title whatever in themselves, and, therefore, anything to weaken the plaintiff’s claim under her judgment, which may always be done upon the principle, that in the action of ejectment a defendant may rely to defeat the action upon the weakness of the plaintiff’s title. The evidence of any such right to or interest in the property, was certainly very slight, and probably not sufficient to affect or impair the title which the plaintiff had acquired under her judgment.
The exception to the direction of the court must be sustained, the verdict set aside, and a new trial ordered, with costs to the plaintiff to abide the event.
Freedman and Sedgwick, JJ., concurred.