Smith, P. J.
The plaintiff commenced this action in a justice’s court and alleged in his complaint that in November, 1881, he agreed with the defendant to render services for him to apply on the rent of a house leased to plaintiff by defendant at $1.50 a week, and that, after moving into the house, he rendered other services for defendant at his request, not included in said agreement, no part of which had been paid, and for which he demanded judgment. The defendant denied the complaint, and set up a former recovery in bar. The plaintiff recovered judgment before the justice for twenty-five dollars damages, besides costs, and the defendant appealed to the county court, where a new trial was had before a referee.
The referee found, among other things, that in November, 1881, defendant rented a house, in Pittsford, to plaintiff at $1.50 per week; that plaintiff agreed to do chores for defendant at $1.50 per week, to be applied in payment of the rent; that plaintiff occupied the house from November, *841 1881, to April, 1884; that chores were done by plaintiff and his son for defendant till 23d November, 1883; that during that time, extra or outside labor was performed by plaintiff for defendant, for which bills were rendered and payments made in money and by application upon the rent of said house; that in February, 1884, defendant instituted summary proceedings before a justice of the peace, against plaintiff, to recover possession of said house, alleging an indebtedness of $6.50 for rent due 15th February, 1884; that the plaintiff appeared therein and answered, alleging, in substance, that said rent was fully paid in doing the chores and in extra work, which it was agreed should be applied in payment of said rent; and the fact of such application was not controverted by the plaintiff herein; that the claims for extra labor and services, interposed as a defense to said proceedings, are identical with those on which this action is brought; and that the question whether or not any thing was due plaintiff from defendant by reason of said claims, was fully litigated before said justice, and he decided and rendered judgment that defendant owed nothing upon said claims, and awarded defendant possession of said premises. The referee held that said adjudication was a bar to this action and ordered judgment, dismissing the complaint.
The only question raised by this appeal is whether the referee erred in holding that the adjudication in the summary proceeding is a bar. We understand the contention of the appellant’s counsel to be, that all that was decided in that proceeding is that the agreement that the services should be applied by the landlord in payment of the rent was not established. We do not so understand the case. Undoubtedly, one of the issues presented in the summary proceeding was whether there was an agreement that the services should be applied in payment of the rent; and next, if it was so agreed, whether the landlord was indebted to the tenant for such services in an amount equal to the rent in arrear. It was competent to show by parol evidence upon which of those issues judgment was rendered, as the record was silent on the subject. Doty v. Brown, 4 N. Y., 71. The justice was called as a witness for the defendant, and he testified on his direct examination that there was no dispute before him except for extra charges, and it was conceded before him that, striking out the extra charges, plaintiff owed the defendant $6.50 rent. He also testified that he found there was that amount due the defendant for rent, and that he did not allow the Elain tiff anything on the account. On cross-examination, e testified that he undertook to determine in dollars and cents whether anything was due the plaintiff on his claim.
*842 Now, is true that the summary proceeding was not brought to recover for rent due, nor could the tenant recover therein a balance due him for services. The justice had no jurisdiction in that proceeding to try the question whether any, or what sum, was due to the tenant from the landlord for services, except upon the theory that the agreement set up by the tenant was established, but the agreement being found, the issue' then to be decided was whether there was a sum due the tenant for services equal to the amount of rent due. The testimony of the justice that he undertook to determine whether anything was due the tenant on his claim, and that he allowed him nothing, warrants the conclusion that he found the agreement was made. And we understand the referee to have found that the agreement that the services should be applied upon the rent rvas not controverted before the justice by the defendant herein. We think, therefore, that the evidence supports the conclusion of the referee that it was adjudged in the summary proceeding that the defendant owed the plaintiff nothing upon the claim herein, and, consequently, that the judgment is right and should be affirmed.
Haight and Bradley, JJ., concur; Barker, J., not voting.
So ordered.