### ANHALT v. LIGHTSTONE.

(Supreme Court, Appellate Term. January, 1903.)

1. ACTION FOR RENT—SCOPE OF DECISION ON APPEAL.

A lessor sued to recover the rent for April, under a written lease for one year, running to January 1st, and the lessee answered that the lease was from month to month. The lessee recovered a judgment, which the Appellate Term reversed on the ground that, taking the lessee's testimony as true, it brought the case within the statute which provides that a lease not particularly specifying the duration of the occupancy shall be deemed to continue to the 1st of May after possession.

*Held,* that this decision did not amount to a determination that, as a matter of law, the premises were rented for an indefinite term, and not for a period of one year, as claimed by the lessor.

2. SAME—FORMER ADJUDICATION.
    The lessor alleged an oral lease for one year, and the lessee pleaded a general denial and an indefinite hiring. *Held,* that the general denial put in issue the question whether the rent was due under a yearly lease, so that, if that issue was determined therein, it would be conclusive in a subsequent action by the lessor's assignees to recover rent for the balance of the year.

3. SAME—EVIDENCE OF FORMER ADJUDICATION.
    Where the material issues in an action are the same as have been litigated by the same parties or their privies in a prior action, evidence as to what the issues were and what was actually decided in the prior action is admissible.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Herman Anhalt against Charles I. Lightstone. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and CLARKE and GREENBAUM, JJ.

Morris Meyers, for appellant.
Goldsmith & Rosenthal, for respondent.

FREEDMAN, P. J. This action is brought by the plaintiff for the recovery of the rent of certain premises for the months of May, 1901, to December, inclusive. The complaint alleges that an oral agreement was made about December 12, 1900, between Morris and Julius A. Bernstein, plaintiff's assignors, with the defendant, whereby the defendant leased said premises for one year—from January 1, 1901, to January 1, 1902—at the rate of $31.25 per month; that defendant paid the rent for January, February, and March, 1901; that a suit was tried before Mr. Justice Penfield for the rent of the month of April, 1901, on November 14, 1901, and in which there was a judgment rendered for the plaintiffs, the assignors of the plaintiff in this action, and that in said action and judgment it was adjudged that there was a yearly hiring by the defendant, and that there had been no surrender and acceptance of the premises as pleaded by the defendant. The theory of the plaintiff herein was that the judgment rendered in the action before Mr. Justice Penfield was res adjudicata in the present action.

It appears that in April, 1901, plaintiff's assignors brought an action to recover the rent for that month, alleging a written lease for the term of one year, the defendant claiming a leasing from month to month only, and that the defendant recovered a judgment, which was subsequently reversed by the Appellate Term (36 Misc. Rep. 193, 73 N. Y. Supp. 151), and a new trial ordered. The Appellate Term then held, in substance, that the testimony of the defendant, which, for the purposes of the appeal, was taken as true, brought the case within the statute which provides that "an agreement for the occupation of real property in the city of New York which shall not particularly specify the duration of the occupancy shall be deemed to

continue until the first day of May after the possession commences,"
etc., and that "it was fair to assume that the hiring was intended for
more than one or two months." It was not there determined, as a
matter of law, as contended for by the respondent herein, that the
defendant's hiring was "an indefinite hiring." It is claimed by the
plaintiff herein that upon the new trial before Mr. Justice Penfield,
held, as before stated, on November 14, 1901, the plaintiffs amended
their complaint so as to set up an oral leasing for one year—from
January 1, 1901, to January 1, 1902—and the defendant amended his
answer, setting up among other things a "general denial, surrender
and acceptance, and an indefinite hiring," and upon these issues the
parties went to trial, and the plaintiff had a judgment as aforesaid.

If it is true, as set up in the complaint herein, that the material
questions involved in this action were the same as in the former
action between the same parties or their privies, then the judgment
in such former action would be conclusive in the case at bar. The
learned justice upon the trial in the present action excluded all testi-
mony offered by the plaintiff herein relative to the trial and determina-
tion of the issues in the former action. The grounds for such rejec-
tion of the offered testimony are stated in the opinion handed down
by him and attached to the record to be as follows:

"Under the attempted defense of a hiring for an indefinite term, no issue
was presented, because under the statute such a hiring extended the term to
May 1st. That the parties mistook the effect of the pleadings, and gave evi-
dence as to whether the hiring was for a definite or indefinite term, did not
make the question an issue in the case, and the decision that the plaintiffs
were entitled to recover the rent for April did not involve any determination
as to the hiring in that respect."

In this the learned justice was in error. By the general denial
interposed by the defendant to the complaint of the plaintiff, he
put in issue the character of the term; that is, the plaintiff claimed
the term was for one year; this the defendant denied. That ques-
tion was therefore in issue. While it may be true that, under the
defendant's plea in his answer of "an indefinite hiring," he thereby
made himself liable in any event for the April rent, nevertheless there
was the controverted allegation of the plaintiff that the April rent
was due under a yearly lease, and not merely because of an in-
definite hiring; and therefore there was an issue set forth in the
pleadings as to whether the defendant was liable because he was a
tenant under a lease for one year, or only as a tenant for an in-
definite term, and, if that issue was determined in favor of the plain-
tiff in the former action, it would be conclusive upon the defendant
in the present action. It was error, therefore, for the trial judge
to exclude the judgment in the former action.

The plaintiff in the case at bar also offered to prove by Mr. Justice
Penfield, the justice before whom the former action was tried, and
who rendered judgment therein, what the facts litigated in that action
were, and his findings thereon. This offer was refused by the court
upon the ground that it was entirely immaterial. Evidence as to what
were the issues and what was actually decided in the prior action was
admissible. Doty v. Brown, 4 N. Y. 71, 53 Am. Dec. 350. But

such evidence must be consistent with the record. Lorillard v. Clyde, 122 N. Y. 41, 25 N. E. 292, 19 Am. St. Rep. 470. The judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.