KATHARINE O'KEEFE, PLAINTIFF AND APPELLANT, v. WILLIAM M. BARRY BENEVOLENT AND ATHLETIC ASSOCIATION, DEFENDANT AND APPELLEE.

Submitted November 7, 1906—Decided February 25, 1907.

1. The constitution of the defendant, a benevolent association, provided that "No member of this association shall be allowed benefits, through sickness or disability, unless he is a member six months, and clear of all debts on the books of the association. Any member who may be taken sick or become disabled while in

arrears for dues or fines cannot, by paying the same, become a beneficiary during said sickness or disability, nor can a member who is a beneficiary, on receiving benefits, become in arrears for dues so as to debar him from benefits, the president being authorized to pay the same from the amount drawn from his weekly benefits." O'Keefe, a member of the association, brought suit for sick benefits and recovered a judgment therefor, which was paid. *Held,* that in legal contemplation, in view of the constitution of the association and of sections 60 and 61 of the District Court act (*Pamph. L.* 1898, *p.* 574), he was "clear of all debts on the books of the association" on the date of payment of the judgment.

2. The constitution of the association also provided that upon the death of a member there should be appropriated the sum of $75 to defray the funeral expenses of the deceased member, provided his dues were not "unpaid for over three months." The dues were fifty cents per month. O'Keefe's dues, by legal implication, had been paid up to December 17th, 1904, and thereafter he paid $3.50 on account of subsequent dues. He died September 24th, 1905. On September 26th, 1905, there was tendered the association his remaining arrearages of dues. *Held,* that the verdict for the defendant association was erroneous.

On appeal from the First District Court of Jersey City.

Before Justices HENDRICKSON, SWAYZE and TRENCHARD.

For the plaintiff, *Collins & Corbin.*

For the defendant, *James J. Murphy.*

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal from a judgment of the First District Court of Jersey City.

The action was brought to recover a death benefit, alleged to be owing by the William M. Barry Benevolent and Athletic Association, the appellee and defendant below, to Katharine O'Keefe, the appellant and plaintiff below, as the representative of her deceased husband, Daniel O'Keefe, who had been a member of the defendant association.

At the trial the parties, by their respective attorneys, agreed that the issue was whether or not Daniel O'Keefe, the husband of the plaintiff, was in such standing as a member of

the defendant association at the time of his death as would compel that association to pay a death benefit to defray his funeral expenses, as provided by its constitution and by-laws, and it was further agreed that if the association was compelled to pay such death benefit, it would pay same to the plaintiff, Katharine O'Keefe.

The judgment of the District Court was for the defendant.

Article 22 of the constitution of the defendant association provides that "on the death of any member who has been six months in good standing on the books of this association, there shall be the sum of seventy-five dollars appropriated to defray the funeral expenses of the deceased member."

It is undisputed that O'Keefe became a member of the defendant association January 23d, 1891, and that he paid dues from time to time, making his last payment June 13th, 1905.

Article 16 of the same constitution provides that "no member shall be entitled to sick or mortuary benefits who allows his indebtedness to remain unpaid for over three months."

The defendant contends that O'Keefe was not in good standing at the time of his death because, it is alleged, he had allowed "his indebtedness to remain unpaid for over three months."

By the state of the case it appears that there was admitted in evidence the record of a suit in the First District Court of Jersey City, in which the plaintiff in this action, as next friend of her husband, was plaintiff, and the defendant in this suit was the defendant, and in which judgment was rendered December 8th, 1904, in favor of the plaintiff and against the defendant for $55; that the suit was brought to recover sick benefits for eleven weeks, due to the husband from the defendant, and that the judgment was paid by the defendant December 17th, 1904.

Article 21 of the same constitution provides that "no member of this association shall be allowed benefits, through sickness or disability, unless he is a member six months, and clear of all debts on the books of the association."

It seems to be conceded by the defendant that O'Keefe's dues were paid up to the date of the payment of that judg-

ment. But whether it is conceded or not, such, we think, is the legal implication. If he were not "clear of all debts on the books of the association" at the time the suit for sick benefits was started, such indebtedness would have been a complete defence to that action, under article 21, above mentioned, and was a material issue, as it is in this action. The parties in both actions represent the same interests. The fact that the subject-matters of the two actions are different is immaterial, as a judgment necessarily affirming or denying a fact is conclusive of its existence whenever that fact becomes a matter in issue between the same parties or between parties in privity with them where the same question is involved, whether the subject-matter be the same or not. 1 *Freem. Judg.*, §§ 253, 256; *Doty* v. *Brown*, 4 *N. Y.* 71.

Furthermore, if O'Keefe was indebted to the defendant at the time the suit for sick benefits was brought, it was the duty of the association, under sections 60 and 61 of the District Court act (*Pamph. L.* 1898, *p.* 574), to set off that indebtedness against plaintiff's demand, and if such indebtedness was not set off, the association is precluded from setting up the same in this suit. Moreover, article 21 of the constitution of the defendant association also provides that "any member who may be taken sick or become disabled while in arrears for dues or fines cannot, by paying the same, become a beneficiary during said sickness or disability, nor can a member who is a beneficiary on receiving benefits become in arrears for dues so as to debar him from benefits, the president being authorized to pay the same from the amount drawn from his weekly benefits." The clear intention of that provision is to protect the sick member from becoming in arrears during illness, and under it a member cannot be in arrears at the time of payment of sick benefits.

Assuming, then, that when the judgment was paid O'Keefe was, in legal contemplation, "clear of all debts" to the defendant up to December 17th, 1904, there remains only to be considered the legal effect of the subsequent payment of dues.

The state of the case also shows that the dues were fifty cents per month, and that subsequent to the date of payment

of the judgment O'Keefe paid on account of dues the sums following: February 14th, 1905, $1.50; May 23d, 1905, $1; June 13th, 1905, $1; making a total of $3.50. It necessarily follows, therefore, that his dues were paid up to July 1st, 1905. Under article 16 of the constitution of the defendant, his right to death benefit is not barred unless "his indebtedness remains unpaid for over three months." The three months would not expire until October 1st, 1905. He died September 24th, 1905. The state of the case also shows "that on September 26th, 1905, the plaintiff tendered to the defendant association, at its meeting held on that date, a sufficient amount of money to pay the arrearages of dues of her late husband in said association, for which he was in default at the time of his death." Under these conditions the judgment for the defendant was erroneous.

The result is that the judgment of the court below should be reversed, and a *venire de novo* awarded.